## No. 17,508.

### HAZEL GRAHAM *v.* VERNA SHILLING.
(291 P. [2d] 396)

Decided December 12, 1955.

6

Messrs. Bradford & McDaniel, Mr. Lowell White, Mr. Walter A. Steele, for plaintiff in error.

Messrs. Garrison, Dilts & Hancock, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court defendant in error was plaintiff and plaintiff in error was defendant. We will refer to the parties as they there appeared, or by name.

Verna Shilling, mother of Dorothy Shilling, brought this action to recover damages on account of the death of her daughter, Dorothy, who was a guest in an automobile operated by Norma Shearer and owned by defendant Hazel Graham. Plaintiff had a verdict and judgment in her favor in the sum of ten thousand dollars, and defendant brings the cause here for review on writ of error.

In her complaint plaintiff alleged that defendant was the owner of a Buick automobile and that when she granted Norma Shearer permission to drive her car; knew that Norma Shearer was of the age of sixteen years; and knew, or by the exercise of reasonable diligence should have known, that said Norma Shearer was

an incompetent and inexperienced driver. She alleged that her daughter was a passenger in said automobile and that Norma Shearer operated "said automobile in a negligent manner, such negligence consisting of a willful and wanton disregard of the rights of others." It further alleged: "as a result of the acts of negligence amounting to a wanton and willful disregard of others by the said Norma Shearer, plaintiff has been deprived of companionship and the assistance of said Dorothy Shilling, all to plaintiff's damage in the amount of $10,000.00."

The court in one of its instructions told the jury that the action was predicated on the negligence of Norma Shearer, which negligence "was the proximate cause of the death of Dorothy Shilling."

By her answer defendant stated that the complaint did not state facts sufficient to state a claim against defendant; admitted the ownership of the automobile; denied all other allegations of the complaint; set up contributory negligence on the part of Dorothy Shilling, who she alleged assumed the risk incident to being a passenger in said automobile.

The evidence discloses that defendant had owned this particular automobile for about two weeks before the accident; she had known Norma Shearer for several years; that on other occasions Norma Shearer had driven the car and defendant had ridden with her. On the day of the accident two young ladies, one of whom was Norma Shearer, approached defendant in Silverton, Colorado, and asked defendant if she would take a man up to the Mayflower mine. This, defendant did not undertake to do. Later Norma Shearer and Dorothy Shilling again approached defendant and said it was time for them to take the man to the mine; defendant decided to let them take the car provided Norma Shearer drove and told her to be back in an hour. The fatal accident occurred on the return trip. There was evidence before the jury that just prior to the accident Norma Shearer was operating the car at an excessive speed, over a graveled road on

which there was some loose gravel. The accident occurred on a grade "with a slight right curve at the bottom."

According to testimony offered by plaintiff, about two weeks prior to the date of the fatal accident plaintiff's car was angle parked at a curb in Silverton alongside another vehicle; Norma Shearer in attempting to back it out, put the car into low gear instead of reverse and went forward on the sidewalk. With the assistance of the owner of a car parked next to plaintiff's car, Norma ·backed out and in doing so hit ·the fender of the next car; then under direction of the owner of that car she "cut her wheels" and hit another automobile. Plaintiff's car had a scratch on one of the fenders and the total ·damage incident to the attempt to back out from the curb was designated as "slight" by the witnesses. Defendant's testimony was that she thought June Orton was operating her car at that time. No charges involving this matter were preferred against Norma Shearer and while the incident was investigated as against defendant, no traffic violation case was ever heard in connection therewith.

The evidence discloses that defendant had known Norma Shearer for a "number of years"; and had loaned her car to Norma "more than three times." Defendant testified: "I knew she was a good driver." She further testified that she knew of no accidents in which Norma Shearer figured and said that she had driven with Norma and considered her a competent driver; and that the single mishap concerning which plaintiff offered testimony occurred when another person was operating her automobile. This testimony was not disputed.

Numerous grounds are specified for reversal of the judgment. We need consider only one of them. This is embraced in the three motions interposed by counsel for defendant. At the conclusion of plaintiff's case counsel for defendant moved the court for a directed verdict in favor of defendant, which motion was overruled. A sim-

ilar motion was made at the end of the case, and overruled. A motion for judgment in favor of defendant, notwithstanding the verdict, was also interposed and overruled.

The family car doctrine is not involved in this case, neither is there any element of joint enterprise, nor of principal and agent as between Norma Shearer and defendant suggested. Defendant was not interested in the mission for which Norma Shearer borrowed the car.

██ A guest injured while the automobile is being operated by one other than the owner thereof can recover from the owner only upon proof of willful and wanton disregard of the rights of others on the part of the owner, and such must be the proximate cause of the injury. The burden of proving this is upon the plaintiff in such action.

██ ██ It is the general rule that negligence in the use of an automobile by one other than the owner cannot be imputed to the owner merely because of his ownership, an automobile not being in itself a dangerous instrumentality. Norma Shearer was not engaged on any business, or performing any service for defendant when the accident occurred. The bailor of an automobile is not liable for the acts of his bailee who was not on business for the owner. We so held in *Greenwood v. Kier,* 125 Colo. 333, 243 P. (2d) 417, where it was said: "The general rule unquestionably is that a bailor is not liable to third persons for injuries resulting from the negligent use by the bailee of the thing bailed." See, also, *Otoupalik v. Phelps,* 73 Colo. 433, 216 Pac. 541.

It is admitted that plaintiff's daughter was a guest in the automobile. It is conceded by counsel for plaintiff that the liability of defendant in this case is governed by the provisions of our Guest Statute. It is also contended that because there was some evidence in the record that Norma Shearer had previously had a slight accident while driving an automobile, that this incident was known to defendant, hence "the act of lending the car

to Norma, in the light of previous knowledge that Norma was incompetent, was an act of willful and wanton negligence on the part of defendant." They also state: "Plaintiff submits that the defendant, by her act of entrusting her car to a known incompetent infant driver, was the act of one who had no regard for the safety and rights of others, and that this act was willful and wanton on the part of defendant, and she, therefore, comes within the Guest Statute, and is liable thereunder." We cannot agree. Neither do we agree with the statement of counsel that the defendant "loaned her car with callousness of a criminal; she cared nothing for the consequences of her willful act." Nothing in this record supports such an assertion, and it is contrary to the allegations of plaintiff's complaint.

*Pettingell v. Moede,* 129 Colo. 484, 271 P. (2d) 1038 is a clear and comprehensive opinion on what our Guest Statute C.R.S. '53, 13-9-1 means and what must be proved in order to make a case on behalf of a guest injured in an automobile accident. Under our holding in that case the willful and wanton conduct must consist of some affirmative act, purposefully committed, which the actor must have realized as dangerous, and which the actor performed heedlessly and recklessly without regard to consequences or the rights and safety of others.

It will be noted that the only willful and wanton conduct alleged in the complaint in this action was that of Norma Shearer. Under the pleading, and by the evidence, plaintiff sought to establish that the defendant, owner of the car, was guilty of negligence, not of willful and wanton conduct. It is argued that the alleged willful and wanton conduct of Norma Shearer may be imputed to the owner of the automobile. Defendant, the owner of the car, was not present at the time of the accident, and we believe that the holding in *Ortman v. Smith, et al.* 198 F. 2d. 123 is directly in point. In that case a father had loaned his car to his twelve year old daughter and an accident occurred in which the daughter's guest was

killed. It was there said: "* * * In the case at bar, the only 'willful and wanton' misconduct was the entrusting of his automobile to his 12 year old daughter. It may be admitted that such entrustment was negligent, if for nothing else in that it violated the South Dakota statute which forbids persons under 15 years of age to drive motor vehicles. * * * Defendant Clifford Smith's negligence however, falls far short of 'willful and wanton misconduct' as that term is used in the statute and defined above. Thinking men could not fail to agree that in entrusting his car to his daughter, Clifford Smith did not do so in the belief that injury to guests of his daughter was 'probable as distinguished from possible.' When he entrusted his car to Judith, Clifford Smith knew she had driven some 500 miles; that she had been driving for some two years, and that he considered her a good driver, and that to the best of his knowledge she was careful and prudent in her driving. Such background for entrustment, coupled with a parent's natural concern for his child, negatives any thought that in giving the car to Judith defendant gave it to her so recklessly that he considered that injury to her guests was probable." The court held that Clifford Smith's conduct could not, as a matter of law, constitute willful and wanton misconduct.

When we apply the rule as set forth in *Pettingell v. Moede, supra,* we see clearly that the defendant in the case at bar was not, under this record, guilty of willful and wanton disregard of the rights and safety of others.

There was nothing unreasonable in defendant allowing Norma Shearer to take the car; there is no proof that she was habitually a reckless driver, or that the defendant knew that she was a reckless operator of motor vehicles.

The trial court erred in overruling defendant's motion for a directed verdict in favor of defendant. The judgment is reversed and the cause remanded with directions to dismiss plaintiff's complaint.