**Edwin RENSCHLER, Plaintiff and Respondent,**

v.

**Robert BALTZER, Defendant and Appellant.**

No. 7765.

Supreme Court of North Dakota.

Feb. 11, 1959.

Rehearing Denied April 6, 1959.

Rausch & Chapman, Bismarck, for appellant.

August Doerr, Napoleon, for respondent.

AMUNDSON, District Judge.

This action, for property damage to an automobile, was tried to the court without a jury. Judgment was rendered in favor of the plaintiff.

Defendant has appealed from the judgment, demanding a trial de novo.

October 31, 1948 at about 12:30 a. m., plaintiff was driving east in his new car on U. S. Highway No. 10. At a point about 3 miles east of Sterling Junction, plaintiff stopped his car, using his brake, opposite the intersection on the north side of the road leading to his home. His right wheels were on the shoulder and his left wheels about one foot on the paved portion of said highway. He had noticed a car approaching from the rear, through his

rearview mirror, and decided to stop before making the left turn.

Defendant was also driving east in a new car and struck plaintiff's car a short distance to the left of the rear center of the car.

The highway at this point was 23 feet wide, the shoulder ten feet wide. The debris from the collision was about 4 feet north of the south shoulder of the road.

The night was foggy. The pavement was not slippery. Plaintiff had kept his motor running and had all lights on. There were no cars approaching from the east.

It is conceded that defendant was negligent. The only question for consideration is whether or not plaintiff was contributorily negligent, by stopping his car partly on the paved portion of said highway, in view of the provisions of Section 39–1022 NDRC 1943.

The material portion of such statute reads as follows:

"No person shall park or leave standing any attended or unattended vehicle upon:

"1. The paved or improved or main traveled portion of any highway outside a business or residence district when it is practicable to leave such vehicle standing off the paved or improved or main traveled portion of said highway;

"2. Any highway unless a clear and unobstructed width of not less than fifteen feet shall be left for the free passage of other vehicles upon the main traveled portion of such highway opposite such standing vehicle."

■ This case was tried to the court without a jury and since the defendant has demanded a trial de novo, he is entitled to the same. Section 28–2732 NDRC 1943.

■ The plaintiff and other witnesses testified in person before the trial court

and such court had an opportunity to pass upon their credibility. In such event the findings of the trial court are entitled to appreciable weight on this appeal. Such has been the holding in many cases before this court. Pauly v. Haas, N.D., 84 N.W. 2d 302 and the numerous cases cited therein.

■ It is well settled that violations of *statutory rules of the road, in cases not involving speed limits,* are evidence of negligence and not negligence per se. Attleson v. Boomgarden, N.D., 73 N.W.2d 448 and cases cited therein.

The case of Schaller v. Bjornstad, 77 N.D. 51, 40 N.W.2d 59, upon which defendant relies, is not in point.

■ While the violation of the statute is evidence of negligence, it must appear from all of the facts in evidence that such violation contributed to the cause of the accident. Such facts do not appear. Plaintiff's vehicle was well lighted; he left over 20 feet of road for the defendant to pass and there was no traffic or other cause to distract the defendant. And, in addition thereto, plaintiff had stopped opposite the access road leading to his home. It was necessary for him to make a left turn but, noticing defendant's car approaching *from the rear, he moved over to the shoulder* and stopped to determine whether such turn could be made in safety. In this situation he had a right and a duty to reasonably determine whether it was safe to make such left turn. In fact, it was his duty to stop and delay such left turn until it could be made with reasonable safety. Section 39–1013 NDRC 1943. Under such conditions, Section 39–1022 NDRC 1943 was not intended to apply. Alex v. Jozelich, 248 Minn. 27, 78 N.W.2d 440.

It follows that the Findings of Fact of the trial Judge were correct and the judgment is accordingly affirmed.

SATHRE, C. J., and BURKE and MORRIS, JJ., concur.