**Dwight RAU and Hertha A. Rau, Plaintiffs and Appellants,**

v.

**Steve KIRSCHENMAN and Emil Kirschenman, Defendants and Respondents.**

**Civ. No. 8854.**

Supreme Court of North Dakota.

Jan. 22, 1973.

Rehearing Denied May 11, 1973.

2

Vogel, Bair & Brown, Mandan, for plaintiffs and appellants.

Linn Sherman, Steele, and Pearce, Engebretson, Anderson, Schmidt, Pearce & Thames, Bismarck, for defendants and respondents.

PAULSON, Judge.

This is an appeal by the plaintiffs, Dwight Rau and Hertha A. Rau, from a judgment of the district court dismissing their claims for relief against the defendants, Steve Kirschenman and Emil Kirschenman, for the wrongful death of James Rau, the son of the plaintiffs. The claim for relief against the defendant, Emil Kirschenman, was dismissed by the judge, pursuant to a motion for a directed verdict, at the close of the plaintiffs' case; and the claim for relief against the defendant, Steve Kirschenman, was dismissed pursuant to the jury's verdict.

The Raus' claim for relief against the defendant, Steve Kirschenman, arose as a result of James Rau's death while riding as a guest in an automobile driven by Steve Kirschenman. The Raus' claim for relief against the defendant, Emil Kirschenman, arose as a result of the fact that the automobile which Emil's son, Steve, was driving was owned by Emil, who had given Steve his consent to use his automobile for the purpose for which it was being used when the accident occurred which resulted in the death of James Rau.

The circumstances surrounding the fatal accident are summarized as follows:

On July 25, 1971, the defendant, Steve Kirschenman, a 14-year-old minor who was unlicensed to drive, after obtaining the consent of his father, Emil, to take the family car, drove to the farm home of the Raus to pick up James Rau for the purpose of going on a hunt for gophers in the area. The defendant, Emil Kirschenman, did not accompany the boys on the hunting trip. In the course of this hunt, Steve Kirschenman and James Rau were involved in a one-car rollover accident on a gravel road. As a result of this accident, James Rau was thrown from the car and killed.

The Raus allege that four errors occurred during the trial of their action. Two of these alleged errors occurred as a result of the instructions delivered by the district court to the jury. The first allegedly erroneous instruction dealt with the standard of care to which the minor defendant, Steve Kirschenman, should be held when engaged in an adult activity such as driving an automobile. The other allegedly erroneous instruction concerned the definition of "gross negligence". The other two alleged errors occurred as a result of the district court's admission into evidence of testimony of a general custom in the community of allowing unlicensed minors to drive in violation of state statutes and the district court's direction of a verdict for the defendant, Emil Kirschenman, at the close of the plaintiffs' case.

In response to the allegations of error occurring as a result of the district court's instructions to the jury, the Kirschenmans argue that this court is unable to review the allegedly erroneous instructions. The Kirschenmans' argument that this court is unable to review the allegedly erroneous instructions is based upon Rule 51(c) of the North Dakota Rules of Civil Procedure. Rule 51(c) provides, in pertinent part, as follows:

"*Exceptions to instructions.* The giving of instructions and the failure to instruct the jurors shall be deemed excepted to unless the court, before instructing the jurors, shall submit to counsel the written instructions which it proposes to give to the jurors and shall ask for exceptions to be noted, and thereupon counsel must designate such parts or omissions of such instructions as he may

deem objectionable. Thereafter, only the parts or omissions so designated shall be excepted to by the counsel designating the same. . . . "

In support of their argument that Rule 51(c), N.D.R.Civ.P., precludes this court from reviewing the allegedly erroneous jury instructions, the Kirschenmans direct our attention to an affidavit of the official court reporter of the district court in which the cause was tried, which affidavit, by stipulation of both parties, was made a part of the settled statement of the case in this action. This affidavit states that the district court submitted to trial counsel for both parties the instructions complained of on this appeal, prior to their being delivered to the jury and that no exceptions to these instructions were taken at that time, even though the district court requested such exceptions to be noted. Therefore, on the basis of the court reporter's affidavit and Rule 51(c), N.D.R.Civ.P., the Kirschenmans argue that because trial counsel for the Raus failed to object to the allegedly erroneous instructions when presented with the opportunity to do so by the trial court, the Raus are unable to obtain a review of these instructions on appeal, even though they in fact may have been erroneous.

A review of the decisions of this court which construe and apply the requirements of Rule 51(c), N.D.R.Civ.P., clearly indicates that any instructions to the jury which are not seasonably excepted to after a request for such exceptions to the proposed instructions has been made to counsel by the district court, become the settled law of the case and are not reviewable on appeal. Christensen v. Farmers State Bank of Richardton, 157 N.W.2d 352 (N.D.1968); Bartholomay v. St. Thomas Lumber Company, 148 N.W.2d 278 (N.D. 1966); Julson v. Loyal Order of Moose Number 822, 140 N.W.2d 39 (N.D.1966); Geck v. Wentz, 133 N.W.2d 849 (N.D. 1965); Klokstad v. Ward, 131 N.W.2d 244 (N.D.1964); Helgeson v. Locken, 130 N.

W.2d 573 (N.D.1964); Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, Inc., 122 N.W.2d 140 (N.D.1963). In light of these decisions and Rule 51(c), N.D.R.Civ. P., we conclude that because of the failure of plaintiffs' trial counsel to except to the instructions now complained of, even though a timely request for such exceptions was made by the district court prior to delivering the instructions to the jury, it would be inappropriate for this court to review any alleged errors in the instructions.

Having concluded that any errors attributable to erroneous jury instructions are not reviewable, we shall now discuss the two remaining errors charged by the plaintiffs, Dwight Rau and Hertha A. Rau, which are properly reviewable on this appeal. The first of these two alleged errors which we shall discuss arises as a result of the district court's direction of a verdict in favor of the defendant, Emil Kirschenman, at the close of the plaintiffs' case.

The claim for relief against Emil Kirschenman was based upon his alleged negligent entrustment of his automobile to his son, Steve, a minor who was unlicensed to drive. At the close of the plaintiffs' case, Steve and Emil Kirschenman moved for a directed verdict in their favor. This motion was granted by the district court with respect to Emil and denied with respect to Steve.

A motion for a directed verdict should not be granted pursuant to Rule 50(a), N.D.R.Civ.P., unless the moving party is entitled to a judgment on the merits as a matter of law. Valenta v. Life Insurance Company of North America, 196 N.W.2d 393 (N.D.1972); Klein v. Harper, 186 N.W.2d 426 (N.D.1971); Leach v. Kelsch, 106 N.W.2d 358 (N.D.1960); Olson v. Cass County Electric Co-operative, Inc., 94 N.W.2d 506 (N.D.1959). In determining whether or not the moving party is entitled to a judgment on the merits as a matter of law, the evidence should be evaluated in the light most favorable to the party against whom the motion was made.

Thompson v. Nettum, 163 N.W.2d 91 (N.D.1968); State Automobile & Casualty Underwriters v. Skjonsby, 142 N.W.2d 98 (N.D.1966); Stokes v. Dailey, 85 N.W.2d 745 (N.D.1957). However, before these rules for determining the propriety of the granting of a motion for a directed verdict can be applied to the instant case it is necessary to discuss the degree of negligence which the Raus were required to establish in order to succeed in their claim against Emil Kirschenman for the negligent entrustment of his automobile to his son and codefendant, Steve.

■ Chapter 32–21, the North Dakota Wrongful Death Act, requires that the wrongful act of a defendant be of such character as would have entitled the person injured, if death had not ensued, to maintain an action in respect thereof. § 32–21–01, N.D.C.C.; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945); Brailsford v. Campbell, 89 So.2d 241 (Fla.1956); 22 Am.Jur.2d, Death § 23; 5 Blashfield Auto Law (3d Ed.) § 211.3. Therefore, the degree of negligence which must be established by the Raus in order to recover from Emil Kirschenman for the wrongful death of their son, James, is the same degree of negligence which, if James had lived, he would have been required to establish in order to recover from Emil Kirschenman for injuries received while riding as a guest in the automobile owned by Emil Kirschenman.

The degree of negligence which a guest must establish in order to recover from the owner of an automobile for injuries received while riding as a guest in the automobile is clearly indicated by § 39–15–03, N.D.C.C. That section states, in pertinent part:

"The provisions of this chapter shall not be construed as relieving the owner . . . of a vehicle from liability for injury to or death of a guest proximately resulting from the . . . gross negligence of such owner . . . . ."

Chapter 39–15, N.D.C.C., has been interpreted by this court in Posey v. Krogh, 65 N.D. 490, 259 N.W. 757, 760–761 (1934), as prohibiting recovery by a guest from the owner of an automobile for injuries received by the guest while riding in the automobile except where the owner has been shown to be grossly negligent in entrusting the automobile to the driver. In so interpreting Chapter 39–15, N.D.C.C., this court stated:

"The owner of a car may be liable for injury to a guest, under the provisions of chapter 184 of the Session Laws of 1931 [Chapter 39–15, N.D.C.C.], but it must be shown not only that the . . . [owner] permitted the . . . [driver] to use . . . [the] car, but also that this was gross negligence on . . . [the owner's] part.

"The purpose of chapter 184 of the Session Laws of 1931 is to relieve the owner of a car from liability for damages to a guest. The purpose is to limit the liability of the owner, not to extend it, to safeguard his rights.

"Reading chapter 184, it is clear that a guest has no cause of action against the owner of a car, nor the driver of the car, nor the person responsible for the operation of the car, merely because the guest is injured while riding in the car. Not only must the guest be riding in the car, but while such guest the damages must be caused by the gross negligence of the one he sues. If he sues the owner, he can recover only when he proves willful misconduct or gross negligence of the owner as the proximate cause of the injury, and the burden of proof is on the guest. Section 2, c. 184, Laws 1931. It is true the gross negligence of the driver may be imputed to the owner under certain conditions and thus become the gross negligence of the owner; but before the plaintiffs can recover against the owner in this case under the 'guest' statute, they must prove that the owner

was guilty of gross negligence in permitting her brother to operate the car."

■ In support of the interpretation which this court has given to § 39–15–03, N.D.C.C., in the context of an action by a guest against an owner who was not driving nor an occupant of the automobile at the time of the accident, are the decisions of the majority of courts in other jurisdictions which have guest statutes very similar to North Dakota's. These courts have held that in order for a guest to recover from the non-driving owner who was not present in the automobile, the guest must show that such owner was guilty of gross negligence or other aggravated misconduct in entrusting his automobile to the person driving the automobile at the time of the accident which caused injury to the guest. See 91 A.L.R.2d 323. In Hardwick v. Bublitz, 253 Iowa 49, 111 N.W.2d 309, at page 315 (1961), the Supreme Court of Iowa discussed the reasoning underlying this majority view. In so doing, the court stated, quoting Benton v. Sloss, 234 P.2d 749, 753 (Cal.App.):

" 'It would defeat the purpose of the guest law to hold that merely because an owner was not driving the car at the time, he would be liable for ordinary negligence to a guest, when if he were driving, he would not be liable to the guest for such ordinary negligence.' "

In light of this reasoning and our decision in Posey v. Krogh, *supra*, we determine that the Raus were required to establish that the defendant, Emil Kirschenman, was guilty of gross negligence in entrusting his automobile to his son and codefendant, Steve, a minor and an unlicensed driver, before the Raus could recover from Emil Kirschenman for the wrongful death of their son, James. Having so concluded, we shall now determine whether or not the defendant, Emil Kirschenman, was entitled to a directed verdict at the close of the plaintiffs' case.

■ A perusal of the record in this case, as it relates to the theory that Emil Kirschenman negligently entrusted his automobile to his son and that such negligent entrustment was the proximate cause of the death of James Rau, indicates that Emil Kirschenman neither knew nor had reason to know that his son, Steve, was a negligent, grossly negligent, or reckless driver, and, therefore, Emil Kirschenman had no reason to believe that his entrustment of his car to his son would present an unreasonable risk of harm to any third parties. Rather, the record indicates that the only improper conduct on the part of Emil Kirschenman consisted of violations of §§ 39–06–44 and 39–06–45, N.D.C.C., in that Emil Kirschenman knowingly permitted his son to drive his automobile even though his son was unlicensed to drive. Such a violation of a statutory duty by Emil Kirschenman is only evidence of negligence [Glatt v. Feist, 156 N.W.2d 819 (N.D.1968); Gravseth v. Farmers Union Oil Company of Minot, 108 N.W.2d 785 (N.D.1961); Erdahl v. Hegg, 98 N.W.2d 217 (N.D.1959); Renschler v. Baltzer, 95 N.W.2d 574 (N.D.1959)], and is not, without more, sufficient to support a finding of gross negligence. See Graham v. Shilling, 133 Colo. 5, 291 P.2d 396 (1955); Mason v. Thomas, 274 Mass. 59, 174 N.E. 217 (1931); and other cases discussed in 91 A.L.R.2d 323, which indicate that entrustment of an automobile to an unlicensed minor is not, without more, such grossly negligent conduct or other aggravated misconduct as would be sufficient to support a finding of gross negligence on the part of the owner-entrustor.

■ Therefore, when the record is reviewed in the instant case in the light most favorable to the Raus, we conclude that reasonable men could have drawn but one conclusion from the evidence contained therein. That conclusion is that the defendant, Emil Kirschenman, while possibly guilty of ordinary negligence, was not guilty of gross negligence when he entrust-

ed his automobile to his son, Steve, under the circumstances previously discussed. Consequently, we conclude that the district court properly granted Emil Kirschenman's motion for a directed verdict at the close of the plaintiffs' case.

The final error which the plaintiffs urge is the district court's admission into evidence of testimony offered by the defendants concerning the general custom in the community of violating the law, in that parents allowed their minor and unlicensed children to drive. However, we conclude that it is unnecessary for us to rule on the propriety of the admission of this evidence of a custom to violate the law. We reach this conclusion for the following reasons: The evidence of a custom to violate the law was introduced as exculpatory testimony favoring the defendant, Emil Kirschenman, on the issue of his grossly negligent entrustment of his automobile to his son, Steve. However, we have already determined that the inculpatory evidence standing alone, is, as a matter of law, insufficient to support a finding of gross negligence on the part of Emil Kirschenman. Therefore, since the inculpatory evidence was insufficient as a matter of law, the admission or exclusion of any exculpatory evidence would have no effect on the outcome of this case, i. e., that Emil Kirschenman was entitled to a directed verdict at the close of the plaintiffs' case. Therefore any error attributable to the admission of the evidence of a general custom in the community to violate the law would be harmless error and is not ground for reversal. Holten v. Amsden, 161 N.W.2d 478 (N.D.1968); Maier v. Holzer, 123 N.W.2d 29 (N.D.1963); Hadland v. St. Mark's Evangelical Lutheran Church, 111 N.W.2d 775 (N.D.1961).

The judgment of the district court is affirmed.

STRUTZ, C. J., and TEIGEN, ERICKSTAD and KNUDSON, JJ., concur.

## ON PETITION FOR REHEARING

PAULSON, Judge.

Dwight Rau and Hertha A. Rau, plaintiffs and appellants, have petitioned for a rehearing. Several alleged errors have been set forth in the petition. We have reviewed them and conclude that only one be given further consideration.

The Raus argue that the decision of this court was erroneous when it held that the instructions given to the jury by the district court on the issue of the proper standard of care to be applied to a minor engaged in an adult activity and on the issue of the proper definition of "gross negligence" could not be reviewed on appeal because of a failure of plaintiffs' trial counsel to make a seasonable objection to those instructions in accordance with Rule 51(c) of the North Dakota Rules of Civil Procedure. More specifically, the Raus argue that an erroneous instruction which is sufficiently erroneous to misdirect the jury is reviewable on appeal, whether or not excepted to in accordance with Rule 51(c), N.D.R.Civ.P. In support of their position the Raus cite three North Dakota cases: Burkstrand v. Rasmussen, 77 N.D. 716, 45 N.W.2d 485 (1950); Grant v. Jacobs, 76 N.D. 1, 32 N.W.2d 881 (1948); and Huber v. Zeiszler, 37 N.D. 556, 164 N.W. 131 (1917). A perusal of these cases indicates they do not support the position urged upon this court by the Raus in their petition for rehearing. Rather these cases stand for the principle that a nondirection or an omission by the district court to instruct the jury on a particular point of law is reviewable by the Supreme Court on appeal even though that nondirection or omission by the district court to so instruct the jury was not objected to by trial counsel, if that nondirection or omission to instruct amounted to misdirection of the jury. The principle established by these cases is based upon § 28-1413 of the North Dakota Revised Code of 1943, which states:

"The court may submit the written instructions which it proposes to give to

the jurors to counsel in the case for examination and may require such counsel, after a reasonable examination thereof, to designate such parts thereof as he may deem objectionable, and counsel thereupon must designate such parts of such instructions as he may deem improper. Thereafter only the parts so designated shall be excepted to by the counsel designating the same."

As is apparent from § 28–1413, NDRC 1943, trial counsel in the instant case was not burdened with the responsibility of excepting to omissions in instructions which the district court proposed to give to the jury. Rather, trial counsel only bore the responsibility of excepting to such parts of the instructions as he may have deemed improper. Consequently, an omission by the district court to instruct the jury on a particular point of law. was reviewable by the Supreme Court on appeal and such an omission would be held to be reversible error if the effect of the omission were to misdirect the jury or, in other words, if the omission, considered in the light of all the other instructions given, would mislead the jury to the prejudice of the appellant, even though there was no exception taken by trial counsel by reason of such omission. While this was the rule which was applied by this Court, pursuant to § 28–1413, NDRC 1943, it has not been applied by this Court since the promulgation of the North Dakota Rules of Civil Procedure in 1957. This is clearly indicated by the cases cited in the opinion by this Court in the case at bar.

A reading of North Dakota Rule of Civil Procedure, 51(c), the counterpart to § 28–1413, NDRC 1943, clearly indicates why the rule for review of jury instructions discussed above is no longer followed in this State. Rule 51(c) states:

"*Exceptions to instructions.* The giving of instructions and the failure to instruct the jurors shall be deemed excepted to unless the court, before instructing the jurors, shall submit to counsel the written instructions which it proposes to give to the jurors and shall ask for exceptions to be noted, and thereupon counsel must designate such parts or *omissions* of such instructions as he may deem objectionable. Thereafter, only the parts or *omissions* so designated shall be excepted to by the counsel designating the same." [Emphasis added.]

Thus, under Rule 51(c), N.D.R.Civ.P., trial counsel for the parties to litigation are charged with the responsibility of excepting, not only to any parts of proposed instructions, but are also charged with excepting to any omissions in the instructions, which omissions they consider are grounds for objection. Consequently, pursuant to Rule 51(c), N.D.R.Civ.P., this Court has consistently held that any instructions which are not seasonably objected to by trial counsel, pursuant to Rule 51(c), N.D.R.Civ.P., become the law of the case. Lembke v. Unke, 171 N.W.2d 837 (N.D. 1969); Klokstad v. Ward, 131 N.W.2d 244 (N.D.1964).

If Rule 51(c) were to be applied to all cases inflexibly, manifest injustice would be a likely result. For that reason we believe our Rule 51(c) should not be an absolute Rule and that provision should be made for relief from such Rule in limited circumstances.

As the North Dakota Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we adopt the federal interpretation. Federal Rule 51, though not identical to our Rule 51(c), is to the same effect, and reads in part:

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The federal interpretation is explained in the case of McNello v. John B. Kelly, Inc., 283 F.2d 96 (C.A.3d Cir. 1960), wherein a construction worker, McNello, was injured when brickwork done by Kelly collapsed. On appeal, Kelly complained of improper instructions given by the trial court. The appellate court found, however, that Kelly did not protest in the trial court the aspect of the charge now complained of, even though he was given ample opportunity to do so. The appellate court stated, in *McNello, supra* 283 F.2d at 102:

> "Therefore, by Kelly's own inaction it is precluded from effectively raising this point on appeal. Rule 51, Fed.Rules Civ. Proc., 28 U.S.C. Nevertheless, it remains for us to consider whether the error below was so 'fundamental' as to permit us to review it despite the fact that no pertinent objection was made to the charge in the particulars indicated."

The appellate court in *McNello* found that the instructions given to the jury on the matter of negligence were too general in nature and were not related to the evidence in the case before the jury. That court found that the instructions given by the trial court left to the jury the task of particularizing the legal standard and working out the alternatives possible under the facts. The appellate court in *McNello* found this error in instruction to be of a fundamental nature, allowing it to be reviewed despite Kelly's failure to object to it at trial. In *McNello,* the court, quoting from Callwood v. Callwood, 3 Cir., 1956, 233 F.2d 784, 788, stated:

> " 'We might, perhaps, in an extreme situation consider an objection to the charge, even in a civil case, made for the first time on appeal. We would not do so, however, unless the error in the charge was fundamental and highly prejudicial, and our failure to consider the error would result in a gross miscarriage of justice.' "

This rule has been affirmed recently in the case of Harkins v. Ford Motor Company, 437 F.2d 276 (3 Cir. 1970). See also Hein v. Torgerson, Wis., 205 N.W.2d 408, 413 (1973).

In applying the rule that only fundamental and highly prejudicial error in instructions will be reviewed by this court in the absence of an objection in the trial court, we find that there has been no fundamental error in instructions in the instant case that constitutes misdirection.

In 2 Blashfield Auto Law 3rd Ed., § 103.3, at pages 242–243, it is said:

> "The general standard of care governing the conduct of adults in the operation of motor vehicles, namely, reasonable care under all the circumstances, applies to the conduct of child drivers, and the child is not limited to the standard of care of a child of his own age, experience, intelligence, and capacity. However, under some authorities, a child is not held to the same standard of care as an adult, even though licensed to drive, and he is only required to exercise the amount of care which ordinarily is exercised by children of like age, experience, and intelligence under similar circumstances, and it has been declared that, in determining whether an infant has shown reasonable care, his infancy and want of experience are evidential factors to be weighed with the other circumstances."

As shown by this quotation from *Blashfield,* not all jurisdictions have adopted the rule that child or minor drivers are subject to the same standard of care as adult drivers. North Dakota has never adopted the rule, and we therefore hold that failure to instruct the jury with respect to a rule that is not the law in North Dakota is not a fundamental or highly prejudicial error such that our failure to review it in the absence of objection at trial would result in a gross miscarriage of justice.

We further hold that the district court's instruction on gross negligence was sufficient. As we held in Thornburg v. Perleberg, 158 N.W.2d 188 (N.D.1968), in paragraph 4 of the syllabus:

"Instructions must be considered as a whole, and, if the instructions given fully and fairly present the law applicable to a certain issue, such instructions are sufficient even though the court refuses to give a certain requested instruction in the exact form in which it is presented."

For the reasons stated, the petition for rehearing is denied.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.