**Joseph F. KIRCHOFFNER, Jr., by his next friend, Joseph F. Kirchoffner, Sr., Plaintiff and Appellee,**

v.

**Todd QUAM, Defendant and Appellee,**

**and**

**Maple River Golf Club, Inc., Defendant and Appellant.**

**Civ. No. 9398.**

Supreme Court of North Dakota.

March 2, 1978.

Rehearing Denied March 30, 1978.

Robert A. Ramlo, Fargo, for plaintiff and appellee.

John E. Rowell of Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, for defendant and appellee.

C. Nicholas Vogel of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellant.

VOGEL, Justice.

This is an appeal from an order denying a motion for new trial in which the plaintiff, ·Kirchoffner, was awarded a jury verdict against Maple River Golf Club, Inc., for eye injuries caused when he was struck with a golfball hit by the defendant Quam. The jury found that Kirchoffner was 30 percent negligent, the Golf Club 70 percent negligent, and the defendant Quam not negligent. We affirm.

The issues presented by the appellant Golf Club are three:

1. Whether a 15-year-old golfer is subject to the same standard of care as an adult engaged in the same activity;

2. Whether the jury's finding that Quam was free of negligence was contrary to the great weight of the evidence; and

3. Whether the jury's determination that the Golf Club was negligent and that its negligence was a proximate cause of the plaintiff's injuries and exceeded that of the plaintiff, was against the great weight of the evidence.

At the time of the injury, Quam and two companions were golfers who had paid a fee to play on the course owned by the Golf Club. They were teeing off from the tee on the fifth hole of the golf course.

Kirchoffner, who also was a minor, and his two companions were boating on the Maple River, a shallow, slow-moving stream which flowed through the area of the golf course. The river was intended to be one of the golfing hazards built into the course.

Kirchoffner had never been on the river before, but the persons operating the golf course had observed others boating on the river and had observed some of them recovering golfballs which had gone into the river, and had adopted a policy of not buying such balls and of warning boaters not to attempt to recover balls in the area. A member of the boating party had gone to the clubhouse, once to buy soft drinks and another time to get scissors to cut a rope used to tie up the boat. On the latter occasion, the Kirchoffner companion was told not to look for golfballs in the river. The boaters lingered in the area for 15 minutes or so after this conversation and were aware that they were on or near a golf course.

The pleasures of this rustic scene came to an end when a ball hit by Quam veered to the left and struck Kirchoffner's eye. Quam had golfed for about two years and had a habitual slice (his ball customarily veering to the right), so he aimed his drive toward the left edge of the fairway, about 60 feet from the boaters in the river, expecting the ball to curve to the right. Instead, it veered to the left, as about five percent of his shots ordinarily did. When the ball was in flight and began to veer left, Quam's two companions shouted "fore," but apparently the warning was not heard.

A golf professional, testifying as an expert, testified that in his opinion no precautions were required under the circumstances.

The court instructed the jury on the standard of care of minors, using the approximate language of North Dakota Jury Instruction 103, with some modifications which do not change the meaning. The instruction given by the court was:

"The court instructs the jury that negligence, as applied to a minor child, is the doing of that which an ordinarily prudent person of the age, intelligence, experience and capacity of such child would not do under the same or similar circumstances, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience, and capacity of said child would do under the same or similar circumstances."

The court instructed the jury that the same standard of care applied to both Quam, the golfer, and Kirchoffner, the per-

son injured, since both were minors, and the jury had to consider both the claim of negligence of the one and of contributory (comparative) negligence of the other.

## I

The first issue raised is the important question of whether a minor who is engaged in an "adult activity" is to be held to an adult standard of care, or whether the usual rule, stated in the instruction quoted above, will be applied.

■ The court correctly stated the rule heretofore applied in this State and contained in NDJI 103 as to the duty of a minor generally. *Wentz v. Deseth*, 221 N.W.2d 101 (N.D.1974); *Rau v. Kirschenman*, 208 N.W.2d 1 (N.D.1973); *Sheets v. Pendergrast*, 106 N.W.2d 1 (N.D.1960); *Schweitzer v. Anderson*, 83 N.W.2d 416 (N.D.1957); *Moe v. Kettwig*, 68 N.W.2d 853 (N.D.1955).

The appellant, Maple River Golf Club, Inc., now asks us to hold that the court erred in so instructing the jury without a further instruction to the effect that one engaged in an adult activity is held to an adult standard of care.

In none of the prior cases in this State involving the negligence of minors has this question been appropriately raised. In some of them it could not have been raised, in others it was not raised, and in one it was raised inappropriately.

In *Moe, supra*, the plaintiff was a child who was bicycling, not an adult activity. Prosser on Torts, 4th Ed., Sec. 32, n. 77, p. 157.

In *Schweitzer, supra*, the child-plaintiff was a pedestrian under seven years of age.

In *Sheets, supra*, the defendant 17-year-old driver of an automobile appealed from a judgment against her, the plaintiff having prevailed in spite of the instruction that minors were held to a lesser degree of care than adults. Since that instruction favored the appellant, she raised no question as to whether the higher degree of care should have been required.

In *Wentz, supra*, the injuries arose from classroom activity engaged in while a teacher was absent from the room, so, again, no adult activity was involved.

In *Rau, supra*, the question of the standard of care of minors engaged in adult activities was raised, but only on appeal, after the standard instruction as to the duty of minors had been given by the trial court without objection. This court held that the instruction was proper under the circumstances and that giving the standard instruction without a further instruction as to the duty of minors engaging in adult activities was not "fundamental" error which this court could review in spite of the fact that the issue had not been raised in the trial court.

This case differs from *Rau* in two respects: (1) the activity engaged in by the defendant minor was that of golfing, rather than driving an automobile, and (2) in *Rau*, the parties were given an opportunity to object to the instructions to the jury, while in the present case they were not.

The trial judge in the present case, while giving copies of the jury instructions to counsel, did not ask them to note exceptions to the instructions. This is his prerogative under Rule 51(c), N.D.R.Civ.P. The effect of this procedure is that "The giving of instructions and the failure to instruct the jurors shall be deemed excepted to . . . ."

■ Leaving aside, for the moment, the question of whether golfing or driving an automobile is an adult activity, we believe that the fact that the lawyers had no opportunity to except to the instructions does not differentiate this case from *Rau*. In neither case was the question of the applicable standard of care of minors engaged in adult activities raised in the trial court prior to verdict. While in the present case the question was raised in the trial court, it was raised only after verdict in a motion for new trial. Thus the trial court had no opportunity to rule upon it during the actual trial of the case, and a ruling in favor of the party moving for a new trial would have required a repetition of the trial on a

question not raised during the trial proper. This is, no doubt, one reason why a manifest abuse of discretion must be shown in order to entitle an appellant to a reversal of an order denying a new trial. *Olson v. A. W. Chesterton Co.*, 256 N.W.2d 530 (N.D. 1977).

■ Assuming, for the moment, that golfing is an adult activity, the question before us is whether failure to instruct on a question never settled (and never appropriately raised) in this State is a manifest abuse of discretion. We held in *Rau* that it was not, and we adhere to that view.

■ We believe that Rule 51 does not change the basic doctrine that error cannot be claimed as to questions on which the trial court was never given meaningful opportunity to rule. As we said in *Waletzko v. Herdegen*, 226 N.W.2d 648, 653 (N.D. 1975), and repeated in *Welken v. Conley*, 252 N.W.2d 311, 317 (N.D.1977),

"Some of these points are raised in the appellate briefs and arguments, but, so far as the record shows, they were not raised by appropriate motion or objection or request for instruction in the trial court. It is not our function to seek out error, which the trial court was not given an opportunity to rectify, or to remake the record for review, or to allow second guesses on trial strategy."

It is true that the question before us was presented to the trial court in the present case in a motion for new trial. This came, of course, after the trial had ended with a verdict for the plaintiff. We hold that this is too late in the proceedings to ask the court to make a new rule of law or introduce a refinement of a pre-existing rule. The comments quoted above from *Waletzko* apply at this stage also.

■ It has long been the rule in this State that it is the duty of the trial court to instruct the jury as to the law on the case pertaining to each essential issue presented by the pleadings, but it is the duty of counsel to submit to the court such requests for instructions as counsel may deem proper with respect to major issues or to call the court's attention to issues on which the court has failed to instruct. *Lund v. Knoff*, 85 N.W.2d 676 (N.D.1957), 67 A.L.R.2d 1110; *Mousel v. Widicker*, 69 N.W.2d 783 (N.D.1955), 53 A.L.R.2d 884.

Having said again, as in *Rau*, that we will not, on the record before us, consider the question as to application of adult standards of care to parties who are minors when they are engaged in adult activities, we are compelled to add that we are perfectly willing to consider that question whenever it is properly raised in the trial court, ruled upon there, and properly preserved on appeal. We are aware of the trend toward subjecting minors to adult standards of care when they are engaged in adult activities. Restatement, Torts, 2d, Sec. 283A, comment; Prosser, Torts, 4th Ed., Sec. 32, pp. 156, 157 [The rule is now "generally accepted" and has been "rapidly gaining ground in recent years"]; Schwartz, Comparative Negligence, Sec. 14.1 at p. 224. The annotation at 97 A.L. R.2d 872 as to minor operators of motor-powered vehicles indicates that in 1964, when the annotation was written, the cases on the question were "split about evenly" [p. 875, n. 7], but the current pocket parts show that almost all cases decided since 1964 have held that minors will be held to adult standards when driving automobiles.

In view of the foregoing disposition of the case before us, we need not decide whether golfing is an adult activity. We express doubt, but do not rule on the question since it need not be decided. Another reason for our not ruling on it is that the trial court was never asked to do so, and, as we have indicated, we are not disposed to find the trial court in error as to questions not appropriately presented to it.

## II

■ The question of whether Quam was negligent, and, if so, the percentage to which his negligence contributed to the damage, was presented to the jury under appropriate instructions. We have consistently held that questions of negligence, contributory negligence, and, more recently,

comparative negligence are matters for the jury. *Miller v. Trinity Medical Center*, 260 N.W.2d 4 (N.D.1977); *Kresel v. Giese*, 231 N.W.2d 780 (N.D.1975).

There is some evidence from which the jury could conclude that Quam was not negligent or that his negligence was less than that of defendant Maple River Golf Club. He expected his shot to go to the right, rather than to the left. He did not consider the boaters to be in or near the probable line of flight of the ball. The golfers testified that the ball first went straight down the fairway and veered to the left only after going straight about 80 yards. A professional golfer testified that in his opinion, under the circumstances, there was no need to give a warning.

We give great weight to the trial court's discretion in questions relating to the weight of evidence. Abuse of the trial court's discretion must be clearly shown in order to obtain a reversal. *Schan v. Howard Sober, Inc.*, 216 N.W.2d 793 (N.D.1974).

We find no error.

### III

Similarly, we believe there was substantial evidence to sustain the claim of negligence on the part of the defendant Golf Club.

 The evidence shows that the defendant Golf Club had notice that golfers hit balls into the river and that boaters use the river for recreation. In fact, the golf course was so designed that the river is a golfing hazard. The jury had the right to determine that warnings should have been given, by signs or otherwise, to boaters. The boaters had the right to be on the river, a public waterway. The jury could have determined that the warning not to search in the river for golfballs was insufficient, and that the warning should have included notice of the danger from flying balls. While there was testimony that the warning did include such notice of danger from balls, that testimony was contradicted by the boaters and a jury question existed as to the notice given.

We find that no abuse of discretion in the denial of the motion for new trial was clearly shown.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.