Filed 8/16/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 170

Randall Bakke and 

Shannon Bakke, Plaintiffs and Appellees

v.

D&A Landscaping Company, LLC, 

Rocks and Blocks, Inc., Andy 

Thomas, a/k/a Andrew Thomas, 

Rocks & Blocks Landscaping 

& Contracting, LLC, Defendants and Appellants

No. 20110308

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas E. Merrick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Shawn Arlin Grinolds, 122 East Broadway Avenue, P.O. Box 460, Bismarck, ND 58502-0460, for plaintiffs and appellees.

William J. Delmore, 103 Collins Avenue, P.O. Box 1266, Mandan, ND 58554-

7266, for defendants and appellants. 

Bakke v. D&A Landscaping Co., LLC

No. 20110308

Crothers, Justice.

[¶1] Andrew Thomas appeals the district court’s judgment entered after a jury awarded Randall and Shannon Bakke $25,000 plus interest for breach of contract, negligence and fraud.  Thomas argues insufficient evidence existed to pierce the corporate veil of D&A Landscaping Company, LLC and hold him personally liable for breach of contract and fraud.  Thomas also claims that the district court committed plain error by failing to properly instruct the jury on the burden of proving fraud and that insufficient evidence existed to support the fraud verdict.  We affirm, concluding the corporate veil was not pierced and the jury instruction on the burden of proof for fraud was law of the case.

I

[¶2] In 2006, the Bakkes considered expanding an elevated patio and replacing a boulder retaining wall that was part of the elevated patio.  The Bakkes had experienced problems with sand and other materials passing through the boulder retaining wall and wanted a more permanent and less porous wall.  The Bakkes visited the Bismarck landscape supply company Rocks and Blocks, Inc.  Rocks and Blocks, Inc. recommended using particular building materials and employing Andrew Thomas of D&A Landscaping for project construction.

[¶3] The Rocks and Blocks’ salesperson gave the Bakkes Thomas’ business card containing the words “D&A Landscaping,” “Your front to back landscaping company,” the name “Andy Thomas” along with a telephone number, the email address “andy@dalandscaping.com” and a website address “www.dalandscaping.com.” 

[¶4] On August 24, 2006, Thomas provided the Bakkes with an initial estimate and a drawing for expanding the elevated patio, labor and specified materials.  The proposal was “[r]espectfully submitted D&A Landscaping 426-4982 Per Andy Thomas.”  On March 22, 2008, the Bakkes received a second proposal submitted by “D&A Landscaping Per Andy Thomas.”  The Bakkes accepted the March 22, 2008 Proposal on March 26, 2008. 

[¶5] During the summer and fall of 2008, Thomas installed the retaining wall and paver patio and completed other landscaping at the Bakkes’ home.  The Bakkes claim they first learned D&A Landscaping was a legal entity when they received a July 15, 2008 invoice directing payment to “D&A Landscaping, Inc.”  After the fact, the Bakkes learned D&A Landscaping Company, LLC (a limited liability company and not a corporation) was formed in 2005 and dissolved in 2008.

[¶6] The Bakkes were not satisfied with the quality of the work on their patio and wall.  On August 31, 2010, the Bakkes sued D&A Landscaping Company, LLC; Rocks and Blocks, Inc.; Andrew Thomas; and Rocks & Blocks Landscaping & Contracting, LLC for fraud, deceit, breach of contract and negligence.  On September 3, 2010, D&A Landscaping Company, LLC and Thomas answered.  Rocks and Blocks, Inc. and Rocks & Blocks Landscaping & Contracting, LLC did not respond to the complaint.  On December 15, 2010, the Bakkes moved for default judgment against Rocks & Blocks Landscaping & Contracting, LLC.  On January 18, 2011, Rocks & Blocks Landscaping & Contracting, LLC resisted the motion and answered the Bakkes’ complaint.  On January 24, 2011, the district court denied the Bakkes’ motion for default judgment against Rocks & Blocks Landscaping & Contracting, LLC.  On February 10, 2011, the Bakkes moved for default judgment against Rocks and Blocks, Inc.  On February 28, 2011, D&A Landscaping Company, LLC; Thomas; and Rocks & Blocks Landscaping & Contracting, LLC responded that they did not oppose the motion but contended that Rocks and Blocks, Inc. was not a predecessor entity to Rocks & Blocks Landscaping & Contracting, LLC.  On April 15, 2011, the district court entered default judgment against Rocks and Blocks, Inc. for $24,427.50 plus interest.

[¶7] On June 19-22, 2011, the district court held a jury trial.  The jury found that neither D&A Landscaping Company, LLC nor Rocks and Blocks, Inc. was liable for  damages to the Bakkes.  The jury found Thomas was liable for breach of contract, negligence and fraud.  The jury awarded the Bakkes $25,000 plus interest.  The verdict form also contains a notation, apparently in the district judge’s handwriting, that “Jury was polled.  The defendant who committed fraud was Andrew Thomas.”  Amended judgment was entered on August 10, 2011, and D&A Landscaping Company, LLC and Thomas timely appealed.

II

A

[¶8] Thomas argues insufficient facts exist to pierce the corporate veil of D&A Landscaping Company, LLC and hold Thomas personally liable.  The Bakkes respond that the theory of piercing the limited liability company’s veil does not apply because the jury determined Thomas was personally liable for transacting business in his individual capacity. 

[¶9] A member or owner of a limited liability company generally is not liable for the debts of the limited liability company.  N.D.C.C. § 10-32-29(1).  “A member or owner of a limited liability company will be personally responsible, however, if the conditions and circumstances under which the corporate veil of a corporation may be pierced under North Dakota law are present.”  
Intercept Corp. v. Calima Fin., LLC
, 2007 ND 180, ¶ 14, 741 N.W.2d 209 (citing N.D.C.C. § 10-32-29(3)).

[¶10] Here, the jury found D&A Landscaping Company, LLC did not breach its contract with the Bakkes, was not negligent and did not commit fraud.  The precursor to piercing a legal entity’s veil to impose liability on the owner is entity liability.  
See
 
Pharmacia Corp. v. Motor Carrier Services Corp.
, Civ. No. 04-3724 (GEB), 2006 WL 3533881, at *15 n.10 (D.N.J. Dec. 7, 2006) (“[b]efore invoking the doctrine [of veil-

piercing,] a plaintiff must first establish an independent basis to hold the corporation liable”) (quotation omitted); 
City of Toledo v. Allen
, No. L-04-1237, 2005 WL 859446, at *7 (Ohio App. 6 April 15, 2005) (“A corporation’s limited liability shield cannot be disregarded in order to find the shareholders liable if the corporation is not liable in the first instance[.]).  Because the jury found the limited liability company was not liable to the Bakkes for damages, the entity’s liability was not transferred to the owner and the theory of veil piercing cannot apply.

[¶11] Rather than piercing the LLC’s veil, liability was directly imposed on Thomas.  The Bakkes’ theory of Thomas’ liability was that he acted individually and that Thomas never disclosed he was acting as an agent for D&A Landscaping Company, LLC.  The jury was instructed without objection that “[i]t is presumed that people act for themselves and not as agents.”  A special verdict form also was used without objection and required the jury to find whether “Andrew Thomas breached his contract” and whether “Andrew Thomas was at fault.” 

[¶12] Evidence supports the jury’s finding Thomas was individually liable.  That evidence included a business card, an estimate, a drawing and proposals, none of which indicated that D&A Landscaping Company, LLC was a limited liability company or that Thomas was acting as an agent for the company.  The jury found that Thomas breached his contract with the Bakkes, that Thomas was at fault for negligence and that Thomas committed fraud on the Bakkes.  These findings of Thomas’ individual liability, coupled with D&A Landscaping Company, LLC being found not liable, inescapably lead to the conclusion D&A Landscaping Company, LLC’s liability was not imposed on Thomas.  Because the limited liability company’s liability was not imposed on Thomas, Thomas’ veil piercing argument fails and additional consideration whether evidence supported veil piercing is unnecessary.

B

[¶13] Thomas argues the district court judgment should be reversed because the jury was not instructed on the correct burden of proof for fraud.  Fraud must be proved by clear and convincing evidence.  
American Bank Center v. Wiest
, 2010 ND 251, ¶ 12, 793 N.W.2d 172 (“Fraud must be proven by clear and convincing evidence, and the party asserting fraud has the burden of establishing the elements of fraud.”) (citing 
Citizens State Bank-Midwest v. Symington
, 2010 ND 56, ¶ 21, 780 N.W.2d 676;  
Erickson v. Brown
, 2008 ND 57, ¶ 26, 747 N.W.2d 34; 
First Union Nat’l Bank v. RPB 2, LLC
, 2004 ND 29, ¶ 22, 674 N.W.2d 1).  In this case, the jury received an instruction stating, “The essential elements of a claim or an affirmative defense must be proven by the greater weight of the evidence.”  The jury did not receive an instruction that fraud must be proved by clear and convincing evidence.

[¶14] Under N.D.R.Civ.P. 51(c)(1), “[a] party who objects to a proposed [jury] instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection.”  Generally, a party failing to object to the giving or the failure to give an instruction after having adequate time to take exceptions waives the objection, and the instructions become the law of the case.  
Wilson v. Gen. Motors Corp.
, 311 N.W.2d 10, 14 (N.D. 1981).  When no objection is made, “[a] court may consider a plain error in the instructions affecting substantial rights that has not been preserved as required by Rule 51(d)(1).”  N.D.R.Civ.P. 51(d)(2).  Rule 51 was amended on March 1, 2005 by adding subsection (d)(2) regarding plain error.  N.D.R.Civ.P. 51 Explanatory Note.  North Dakota’s changes to Rule 51(d) followed similar modifications to Federal Civil Rule 51 in December of 2003.    

[¶15] This Court has not applied or discussed application of N.D.R.Civ.P. 51(d)(2), nor have we explained the purpose or limits of the Rule.  However, North Dakota’s Civil Rule 51 has long been read to allow appellate review of plain jury instruction errors even absent timely objection in the district court.  In 
Rau v. Kirschenman
, 208 N.W.2d 1, 8 (N.D. 1973), this Court stated, “If Rule 51(c) were to be applied to all cases inflexibly, manifest injustice would be a likely result.  For that reason we believe our Rule 51(c) should not be an absolute Rule and that provision should be made for relief from such Rule in limited circumstances.”  But, even under our prior exception, the plain error review is limited: “only fundamental and highly prejudicial error in instructions will be reviewed by this [C]ourt in the absence of an objection in the trial court.”  
Rau
, at 9.

[¶16] Both our application and our limitation adopted in 
Rau
 are consistent with the prevailing federal court plain error analysis.  One noted commentator on federal civil procedure explains:

“The 2003 amendment, which appears in subdivision (d)(2), of Rule 51 codified the previous practice followed by most circuits that said that the appellate court may reverse for plain error in an instruction to the jury even if there had been no objection to it.  This is now the universal practice in the federal courts of appeal, and the pre-2003 plain error precedents, many of which are captured in the note below along with the growing number of post-2003 cases, continue to remain good law.  These statements, however, recognize that this is a power to be exercised rarely, namely when it is necessary to prevent a miscarriage of justice.  The revised rule also reflects this position; subdivision (d)(2) states that to be considered as a plain error in the instructions that were not objected to under Rule 51(d)(1), the error must ‘affect[] substantial rights.’”

9C Charles Alan Wright & Arthur R. Miller, 
Federal Practice and Procedure
 § 2558, at 184 (3d ed. 2008) (footnotes omitted).  The treatise authors also note that plain error has not been easily found:

“Findings of plain error, both prior to the explicit authorization to consider them now found in the text of Rule 51 and also under the rule as it currently stands, have been confined to the exceptional case in which the error seriously has affected the fairness, integrity, or public reputation of the trial court’s proceedings; the courts of appeal are deferential to the work of the district court.  In addition, the courts of appeal may consider the costs of correcting an error before granting a reversal.  Not surprisingly, it is not unusual to see words in the judicial opinions characterizing the requisite severity of the error such as ‘fundamental,’ or ‘miscarriage of justice,’ or ‘egregious,’ or ‘patently erroneous.’  The burden on the party invoking the plain error principle, therefore, is a heavy one.” 

9C Wright, 
supra
, § 2558, at 199 (footnotes omitted).

[¶17] Here, the only substantive legal irregularity appealed by Thomas was instructing the jury that all claims in the case must be proven by a preponderance of the evidence.  Thomas is correct by claiming fraud must be proved by clear and convincing evidence.  
Wiest
, 2010 ND 251, ¶ 12, 793 N.W.2d 172.  However, the fraud claim and its associated burden of proof are only a part of the larger legal basis upon which this case was tried.  The Bakkes asserted claims of breach of contract, negligence and fraud.  The jury instructions and the verdict form were proposed by the Bakkes and received no objection from the defendants.  Those instructions and the verdict form, while containing a number of other legal irregularities, became the law of the case.  
Livinggood v. Balsdon
, 2006 ND 11, ¶ 10, 709 N.W.2d 723 (an “instruction was the settled law of the case because there was no objection to the instruction.  The instruction does not necessarily reflect the law to be applied in all similar cases.”); 
Wilson
, 311 N.W.2d at 14.

[¶18] Because independent, unobjected to and unappealed grounds exist upon which the jury verdict can be sustained, we conclude under the facts of this case that the district court’s failure to properly instruct the jury on the burden of proof in a fraud case was not an error affecting the fairness, integrity or public reputation of judicial proceedings.  We decline to conclude the erroneous jury instruction on the burden of proving fraud was plain error.  Therefore, objection to the burden of proof instruction was waived, and that instruction is law of the case.

III

[¶19] Thomas argues insufficient evidence exists to find him liable to the Bakkes for fraud.  We conclude it is unnecessary to reach that issue because the jury also found Thomas liable under other theories.  As a result, we would be rendering an improper advisory opinion if we proceeded to decide whether Thomas is also liable to the Bakkes for fraud.  
See
 
Richland Cnty. Water Res. Bd. v. Pribbernow
, 442 N.W.2d 916, 919 (N.D. 1989) (“We may not give purely advisory opinions.  Our decisions ‘must be limited to questions involving existing rights in real controversies.’”) (citation and quotation omitted).

IV

[¶20] We affirm, concluding the corporate veil was not pierced and the burden of proof jury instruction was law of the case.

[¶21] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.