[File No. 7152]

ANNIE BURKSTRAND, Appellant, v. LAWRENCE RASMUSSEN, Respondent.

(45 NW2d 485)

Opinion filed December 29, 1950

*Sinness and Duffy,* for appellant.
*Day, Lundberg and Stokes,* for respondent.

THOM, Dist. J. Plaintiff brought this action to recover damages for the death of her husband, George Burkstrand, resulting from his being struck by an automobile driven by defendant Rasmussen, which, plaintiff claims, was caused by the negligence of the defendent. The case was tried to a jury and resulted in a verdict in favor of the defendant for a dismissal of the action.

The plaintiff moved for a new trial on the following grounds:

1. Error in law occurring at the trial and excepted to by the plaintiff.

2. Insufficiency of the evidence to justify the verdict.

The plaintiff's first specification of error is predicated on certain instructions given the jury, which are:

"If the plaintiff has failed to show by the fair preponderance of the evidence that the fatal occurrence was proximately caused by the negligence of the defendant, or if the defendant by the same rule of evidence has shown that either or both the plaintiff and deceased contributed thereto, then your labors are ended and you bring in a verdict for the defendant."

"One placed in a position of imminent danger by the negligence of another, which position requires immediate and rapid action without time to deliberate as to the better course to pursue, is not held to the strict accountability required of one acting under more favorable circumstances."

"A person confronted with an emergency has the duty only of acting as a reasonably prudent person would under those same emergency conditions."

We find no error in these instructions. In an action for recovery of damages for death by wrongful act, the contributory negligence of the plaintiff beneficiary is a defense. Scherer v. Schlaberg & Griffin, 18 ND 421, 122 NW 1000.

It is further contended that the court should have instructed the jury on the "last clear chance" doctrine. No request for such instruction was made by either party. The trial judge in his memorandum decision giving his reasons for denying motion for new trial says:

"The question now is whether under this evidence a charge on the last clear chance rule was necessary.

"No request was made for an instruction on that doctrine, and both counsel were given a chance to submit requests, which they did. Both had a chance to read the instructions before the arguments. The case was not tried or argued on that theory.

"Counsel in a lawsuit have the advantage of being able to become fully informed on the law of the case. The trial judge does not always have the opportunity to make as thorough an investigation of the law of the case as counsel, and must necessarily depend upon counsel to call the attention of the court to the law applicable to the case by requesting appropriate instructions, or, as was done in this case, to ask corrections in the instructions."

It is a well established rule of law that where a party has made no request for any further or additional instructions, such party cannot upon appeal assign error for nondirection unless it amounts to misdirection. McGregor v. Great Northern Railway Co., 31 ND 471, 154 NW 261, Ann Cas 1917E 141; Huber v. Zeiszler, 37 ND 556, 164 NW 131; Grant v. Jacobs, 76 ND 1, 32 NW2d 881.

The evidence in this case showed that on the afternoon of December 10, 1946, plaintiff's husband, George Burkstrand, had hauled from Hampden, N. Dak., to his home near that village a wagon load of coal, the wagon being hitched behind and hauled by a tractor. When he reached home he discovered that the endgate of the wagon had fallen out and that a portion of the coal had spilled along the road. He and his wife drove back along the road, his wife driving the tractor, pulling the wagon, and found the coal on the road about two miles north of Hampden. They turned and drove north on the east side of the coal spilled on the road and down the slope of a hill. Burkstrand

picked up the coal and loaded it on the wagon, and the plaintiff, his wife, drove the tractor and proceeded as fast as he cleaned up the coal. This was a short time after sunset. The defendant drove his automobile on this road in a northerly direction and came over the brow of the hill and drove up behind the Burkstrands, then turned his automobile to the left to avoid hitting the wagon and tractor, but failed to see Burkstrand in time to avoid hitting him.

The testimony showed that Burkstrand was probably standing in the middle of the road when struck. After the collision there were marks on the right side of the automobile, and on the right side of the hood and windshield, and the right light was bent. Burkstrand was killed instantly. Defendant testified that he did not see decedent until an instant before the collision, and that defendant turned sharply to the left in trying to avoid hitting decedent.

The doctrine of "last clear chance" would come into operation and could be considered by the jury only if they found that Burkstrand, as a result of his own negligence, had subjected himself to a risk of harm and was in a position of peril from which he was unable to extricate himself by the exercise of reasonable vigilance and care. Ramage v. Trepanier, 69 ND 19, 283 NW 471.

"To render the defendant liable under the doctrine of last clear chance, 'it is necessary that after he has discovered or should have discovered the plaintiff's peril he should have had the ability to avert the accident if he had used due care and competence in utilizing it. If the defendant, after discovering the plaintiff's peril, does all that can reasonably be expected of him, the fact that his efforts are defeated by antecedent lack of preparation or a previous course of negligent conduct is not sufficient to make him liable. All that is required of him is that he use carefully his then available ability.'" Ramage v. Trepanier, 69 ND 19, 283 NW 471.

The question arises, if Burkstrand was in such position of peril, when was he placed there? At what point did defendant discover Burkstrand's situation and realize, or have reason to

realize, the peril involved therein, or when would he have discovered Burkstrand's situation and thus have had reason to realize Burkstrand's helpless peril, if he exercised the vigilance which it was his duty to Burkstrand to exercise? The evidence in the case is to the effect that defendant was driving at the speed of about twenty miles per hour when he first saw the wagon and tractor, and that defendant saw Burkstrand but an instant before striking him; that defendant did his best to avoid a collision, but failed. It is quite apparent to us that if Burkstrand were in a position of peril, occasioned by his negligence, the danger of harm did not arise until about the instant of the collision. In short, we are of the opinion that the evidence in this case did not furnish a basis for recovery under the last clear chance doctrine, but presented only questions of negligence and contributory negligence.

Plaintiff then contends that the evidence is insufficient to justify the verdict. The answer to this contention is that the case was for the jury to decide, and the jury decided in favor of the defendant.

The plaintiff received a fair trial. The questions of negligence were fairly submitted to the jury. We have examined the evidence, and we are of the opinion that the evidence is sufficient to sustain the verdict.

The judgment and the order appealed from must be, and they are affirmed.

NUESSLE, C. J., and BURKE, MORRIS and CHRISTIANSON, JJ., concur.