James T. VASICHEK and Norma M. Vasichek, Plaintiffs and Appellees,

v.

James D. THORSEN, Individually and as Executor of the Estate of John Thorsen, Deceased, Defendant and Appellant,

and

Marleen Marie Carroll and Carolyn Rae Cook, Defendants.

Civ. No. 9455.

Supreme Court of North Dakota.

Oct. 31, 1978.

---

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for plaintiffs and appellees; argued by James L. Lamb, Grand Forks.

R. Lee Hamilton, Grand Forks, for defendant and appellant.

John E. Widdel, Jr., Grand Forks, for defendants.

PEDERSON, Justice.

This is an appeal by James D. Thorsen from the judgment entered upon a verdict in favor of James T. Vasichek and Norma M. Vasichek, and from a denial of a motion for judgment notwithstanding the verdict or a new trial. We affirm the judgment and the order denying the motion.

In October 1971, the Vasicheks negotiated with James Thorsen for the purchase of farmland owned by the estate of John Thorsen. James Thorsen was the attorney and personal representative of the John Thorsen estate.

James Thorsen informed the Vasicheks that Mrs. Cook and Mrs. Carroll desired to sell their interests in the John Thorsen farmland for $42,500.00. The Vasicheks agreed to this price and gave Thorsen, as a down payment for the property, their check for $2,000.00 made payable to Mrs. Cook and Mrs. Carroll. James Thorsen agreed to prepare the deeds and to obtain the signatures of Mrs. Cook and Mrs. Carroll thereon. He did not prepare the deeds nor mail the check to Mrs. Cook and Mrs. Carroll.

In the following months the Vasicheks asked Thorsen several times why the deeds had not been returned. In May 1972, the Vasicheks retained a lawyer to meet with Thorsen to discuss the matter. The following answers by Thorsen to questions submitted to him at trial indicate what occurred at this meeting:

"Q Now, at that time, you told Mr. and Mrs. Vasichek, did you not, that the matter was—had not been concluded and you didn't have any title transferring documents at that time in your possession?

"A I would imagine that would have been what I told them, yes.

"Q You also told them at that time that the papers were out west and that's where the difficulty was?

"A Yes, I'm sure I said that, yes.

"Q And there was even some discussion at that time about the possibility of you going out west to get them to hurry them up to sign these documents so that this thing could be concluded?

"A I would imagine that was one of the possibilities, yes.

"Q Now, at that particular time you had not made out any deed yet and sent them out for their signatures, had you?

"A No, I wasn't instructed to do so."

When the deeds were finally sent to Mrs. Cook and Mrs. Carroll in July 1972, they refused to sign them. The Vasicheks then brought an action for breach of contract against Mrs. Cook, Mrs. Carroll and James Thorsen. The trial court granted summary judgment in favor of Mrs. Cook and Mrs. Carroll. The Vasicheks purchased the farmland from Mrs. Carroll and Mrs. Cook in September 1975, for the sum of $141,-500.00.

In their breach of contract action against Thorsen, the Vasicheks made an amendment to their complaint to include two additional theories of liability: (1) that Thorsen breached an implied warranty of authority to sell real estate, and (2) that Thorsen was negligent because he did not send the deeds to his principals in a timely manner. Both theories of liability were submitted to the jury, which returned a general verdict in favor of the Vasicheks in the sum of $75,-000.00, plus interest and costs.

Thorsen contends that there was no evidence upon which a jury could find him liable on any theory of liability. Our review of questions of fact tried to a jury is limited to determining whether there is substantial evidence to support the verdict. *Falkenstein v. City of Bismarck*, 268 N.W.2d 787 (N.D.1978). All evidence must be reviewed in the light most favorable to the verdict. It is only when reasonable men can reach but one conclusion upon review of

the issues that the evidence becomes a question of law for the court. *Buehner v. Hoeven*, 228 N.W.2d 893, 904 (N.D.1975).

When the appeal is from both a judgment on a verdict and from a denial of judgment notwithstanding the verdict or new trial, our court can consider all issues which were properly preserved at trial. *Davis v. Davis*, 268 N.W.2d 769 (N.D.1978). We recently stated:

"The motion for judgment notwithstanding the verdict and the motion for a new trial are motions directed to the sound discretion of the trial court and will not be overturned on appeal unless it is clear that there was a manifest abuse of discretion. Rules 50 and 59, N.D.R. Civ.P.; . . ." *Falkenstein v. City of Bismarck*, 268 N.W.2d at 790, *supra.*

We find no abuse of discretion by the trial judge. To sustain a judgment notwithstanding the verdict, the moving party must have been entitled to judgment as a matter of law. *Riebe v. Riebe*, 252 N.W.2d 175, 177 (N.D.1977).

### I.

The jury could have concluded that Thorsen held himself out to the Vasicheks as possessing the authority to bind Mrs. Cook and Mrs. Carroll to a real estate transaction and therefore that he was the actual agent of Mrs. Cook and Mrs. Carroll. The basis of the Vasicheks' claim is found in Chapter 3–04, North Dakota Century Code. The relevant sections are as follows:

"3–04–01. Agent warrants authority. —One who assumes to act as an agent thereby warrants to all who deal with him in that capacity that he has the authority which he assumes."

"3–04–02. When agent liable as principal.—One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases, and in no others:

"1. . . .

"2. When he enters into a written contract in the name of his principal without believing, in good faith, that he has authority to do so; or

"3. When his acts are wrongful in their nature."

There is ample evidence in the record to support a jury finding that Thorsen warranted that he had the status of a real estate agent with the authority to bind his principals. Thorsen acknowledged that he was the personal representative of the John Thorsen estate. Although he never attempted to convey the property in that capacity, he did, as a matter of law, possess the power to do so. Section 30.1–18–11, NDCC. The Vasicheks had engaged in previous business transactions with Thorsen in his capacity as personal representative. Prior to negotiating for purchase of the land, the Vasicheks had farmed the property for five years pursuant to a lease with Thorsen as personal representative. It is our view that the jury could have reasonably found that the Vasicheks relied upon Thorsen's representations that he had the power to sell the farmland.

Thorsen relies upon the statute of frauds, § 9–06–04(4), NDCC, as a defense to the claim of breach of implied warranty of authority. He argues that an enforceable contract between himself and the Vasicheks is a prerequisite to liability. Our statute of frauds provides:

"9–06–04. Contracts invalid unless in writing—Statute of frauds.—The following contracts are invalid, unless the same or some note or memorandum thereof is *in writing and subscribed by the party to be charged,* or by his agent:

. . . . .

"4. *An agreement for the leasing for a longer period than one year, or for the sale, of real property, or of an interest therein.* Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing subscribed by the party sought to be charged."

[Emphasis added.]

An oral agreement, the form of which does not comply with the statute of frauds or

fall within one of its exceptions, cannot be the basis of an action for damages. See *Van Camp v. Van Camp*, 291 Mich. 688, 289 N.W. 297, 299 (1939). In the absence of an enforceable contract, there can be no recovery of damages on the theory of implied warranty of authority. Implied warranties are intended to hold vendors to a course of fair dealing in the performance of contracts which are otherwise enforceable. See *Waggoner v. Midwestern Development, Inc.*, 83 S.D. 57, 154 N.W.2d 803, 807 (1967).

 The sufficiency of a memorandum within the statute of frauds is a question for the court to determine as a matter of law. *Johnson v. Auran*, 214 N.W.2d 641, 652 (N.D.1974). To constitute a sufficient memorandum, the writing must disclose the identity of the parties, the subject matter of the agreement, and the express consideration, as well as the terms and conditions upon which the contract was entered into. *Rohrich v. Kaplan*, 248 N.W.2d 801 (N.D. 1977).

 On December 15, 1971, Thorsen wrote the following in a letter to Mr. Vasichek:

"This is to confirm that the heirs of the above mentioned estate have agreed to sell to you all of the farm real estate belonging to the above mentioned decedent and located north of Michigan, North Dakota. The transaction has been bound by your down payment and the necessary proceeding and documentation are presently underway and I would hope that the transaction can be completed sometime during the month of January of next year. Should you need any further evidence of your pending purchase, kindly let me know and I will be happy to furnish whatever may be necessary."

This letter sufficiently describes the land to be sold, the parties to this contract, and that the "transaction" is secured by a down payment. The terms, conditions and the completion date of the agreement are set forth. Even in an action for specific performance, the letter would comply with the statute of frauds if it recited the amount of consideration to be paid for the property.

In a case involving the question whether a deed was a sufficient memorandum to satisfy the statute of frauds, we said:

"Here, all of the terms of the oral agreement are set forth in the deed except the consideration. The deed does express a consideration, but not the real consideration. The fact that the consideration cannot be determined from the writing which is relied upon as a memorandum, without resort to outside evidence, renders the writing insufficient as a memorandum to take the transaction out of the statute of frauds." *Heinzeroth v. Bentz*, 116 N.W.2d 611, 615 (N.D.1962).

Because no consideration is shown on the face of the December 15, 1971, letter, it is not enforceable as a contract to sell real estate.

 This leaves us with the question whether there has been sufficient part performance of the oral contract to remove it from the statute. Our court has stated "whenever acts have been done which are of such a nature as to be consistent only with the existence of a contract for the sale of real property, the case is held to be taken out of the statute of frauds." *Buettner v. Nostdahl*, 204 N.W.2d 187, 195 (N.D.1973). When improvements are relied upon to satisfy "part performance [they] must unmistakably point to the existence of the claimed agreement. If they point to some other relationship, such as that of landlord and tenant, . . . they are not sufficient." *Buettner v. Nostdahl*, 204 N.W.2d at 195, *supra*, citing *Granquist v. McKean*, 29 Wash.2d 440, 445, 187 P.2d 623, 626 (1947). The improvements made on the land, sufficient to constitute part performance of an oral contract for its sale, must be valuable, substantial and permanent. *Syrup v. Pitcher*, 73 N.W.2d 140, 147 (N.D. 1955).

 There is sufficient evidence upon which it can be concluded that the Vasicheks partially performed the contract. The Vasicheks constructed permanent grain bins on the property, summer-fallowed the land, and improved the drainage ditches. They possessed and farmed the property.

The Vasicheks paid all of the property taxes and were charged no rent for their occupancy.

Although any one of these acts, considered separately, may not overcome the statute, taken as a whole they are consistent with the existence of a sales contract. Therefore, we find no error by the trial court in admitting testimony concerning any of the terms of the oral agreement.

## II.

Thorsen contends that he was not negligent and owed no duty to the Vasicheks to exercise reasonable care concerning the land sale. Specifically, Thorsen argues that (1) he had no obligation to mail the deeds to Mrs. Cook and Mrs. Carroll, and (2) his failure to do so was not a proximate cause of the failure to convey the property by Mrs. Carroll and Mrs. Cook.

Questions of negligence are for the jury unless there is but one conclusion that can be drawn from the evidence. *Hogan v. Knoop*, 191 N.W.2d 263 (N.D.1971). To constitute actionable negligence the defendant must owe to the plaintiff a duty to refrain from injurious conduct, and breach of that duty must have been the proximate cause of the injury. *Moum v. Maercklein*, 201 N.W.2d 399, 402 (N.D.1972).

In negotiations for sale of the farmland, Thorsen was serving in three capacities. He was the real estate agent for Mrs. Cook and Mrs. Carroll, and the attorney and personal representative for the estate of John Thorsen. A prudent attorney serving as a personal representative of an estate should recognize that persons involved in business negotiations concerning that estate will rely upon representations made by him. Here, Thorsen was aware that the Vasicheks were depending upon him to send the deeds. Thorsen's duty to send these deeds arose out of his express promise to do so. Thorsen should have foreseen that financial injury to the Vasicheks would result if the deeds were not mailed to Mrs. Cook and Mrs. Carroll promptly for signature.

Thorsen alleges, as a defense to the negligence action, that the Vasicheks were contributorily negligent as a matter of law and that the trial court erred in its instruction on the issue of contributory negligence. Thorsen argues that the Vasicheks' failure to contact Mrs. Cook and Mrs. Carroll within a reasonable time after it became apparent that Thorsen had not secured the deeds was contributory negligence. Contributory negligence is a question of fact to be determined by the jury. *Munro v. Privratsky*, 209 N.W.2d 745 (N.D. 1973). We believe that there was sufficient evidence for the jury to find that the Vasicheks were not contributorily negligent.

Thorsen complains that the trial court did not give the traditional instruction on contributory negligence; yet, at trial, he made no request for this instruction. The failure of counsel to request an instruction waives any error by the trial judge in failing to give the appropriate or complete instruction. It is not reversible error for the trial court to fail to give an instruction provided that the instructions, as a whole, fully and fairly present the law on a particular issue. *Thornburg v. Perleberg*, 158 N.W.2d 188, 192 (N.D.1968). Section 9–10–07, NDCC, provides in part:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence . . . if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person recovering. The court may, and when requested by either party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributable to the person recovering. . . . Upon the request of any party, this section shall be read by the court to the jury and the attorneys representing the parties may comment to the jury regarding this section."

■ We believe that the instructions given by the trial court were adequate as a whole. Thorsen did not request separate special verdicts contemplated by the above statute. In the absence of a specific request for special verdict under § 9–10–07, NDCC, we must conclude that the jury correctly weighed the evidence and awarded the proper amount of damages to the Vasicheks.

### III.

■ Thorsen contends that the trial judge abused his discretion in permitting the Vasicheks to amend their complaint on the second day of trial. Rule 15(a), NDRCivP, provides that permission to amend pleadings "shall be freely given when justice so requires." Permission to amend pleadings is largely within the discretion of the trial court. *Perdue v. Knudson*, 179 N.W.2d 416, 419 (N.D.1970).

■ We find no abuse of discretion by the trial court in allowing the Vasicheks to amend their complaint on the second day of trial. Thorsen has not shown that, through surprise caused by the amendment, he was unable to prepare a defense to the claim of negligence or that he was otherwise prejudiced by the grant of permission to amend the complaint.[1]

### IV.

■ Finally, Thorsen alleges that the trial court erred by allowing the jury to award prejudgment interest on a nonliquidated claim. Section 32–03–05, NDCC, provides:

> "In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given in the discretion of the court or jury."

> "The statutes, and decisions of this state all hold that in tort actions the awarding of interest shall be discretionary with the jury, . . ." *Sekerson v. Sinclair*, 24 N.D. 326, 140 N.W. 239 (1913).

This action is based not only upon the theory of implied warranty of authority to sell real estate, but also upon tort. It was within the province of the jury to award damages and interest upon the theory of negligence alone. Moreover, the time of breach of the obligation in tort was for the jury to determine. Thus it was within the jury's discretion to award interest from December 15, 1971, the date of breach, through August, 1975, when the Vasicheks purchased the property.

In conclusion, for the reasons set forth in this opinion, we affirm the judgment entered upon the verdict and the order of the district court denying the motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

ERICKSTAD, C. J., and PAULSON, SAND and VandeWALLE, JJ., concur.

---

1. Our civil rules require only a "short and plain statement of the claim" to relief. Rule 8(a), NDRCivP. In their original complaint the Vasicheks alleged that they were injured as a result of Thorsen's "wrongful and tortious conduct." This allegation was sufficient to establish a cause of action in negligence. A review of the depositions and interrogatories reveals that the Vasicheks never abandoned negligence as a cause of action.