Eleanor CHEWAKIN, Plaintiff
and Appellee,

v.

Edward ST. VINCENT, Defendant
and Appellant.

Civ. No. 9520.

Supreme Court of North Dakota.

Feb. 1, 1979.

Farhart, Rasmuson, Olson & Lian, Minot, for plaintiff and appellee; argued by Steven C. Lian, Minot.

Bosard, McCutcheon, Kerian, Schmidt, Holum & Rau, Minot, for defendant and appellant; argued by Gary A. Holum, Minot.

PEDERSON, Justice.

Edward St. Vincent appeals from a judgment entered on a special jury verdict in favor of Eleanor Chewakin for damages she sustained in an automobile accident. We affirm.

The trial court labeled this action a "whodunnit" case. While Mrs. Chewakin was stopped at a Minot intersection, her car was struck from the rear by a 1973 Buick LeSabre. After a short conversation with Mrs.

Chewakin concerning whether or not she was injured, the driver of the Buick left the scene of the accident. He did not identify himself but, as he was leaving, Mrs. Chewakin copied down his license number.

Officer Kenton Larson of the Minot Police Department arrived to investigate the collision after the driver of the Buick had disappeared. Soon thereafter, he located the Buick in Minot. A search of the State Motor Vehicle Department's records disclosed St. Vincent to be its owner. Although Officer Larson later discussed the collision with St. Vincent, he did not issue a traffic citation nor did he arrest St. Vincent.

At trial, three eyewitnesses to the accident positively identified St. Vincent as the driver of the Buick that struck Mrs. Chewakin. St. Vincent denied any involvement in the collision, alleging that at the time of the accident he was en route to, or had already arrived at, his place of work at Kenmare, about fifty miles from Minot. This raises a defense analogous to alibi in a criminal case. *State v. Wilson,* 267 N.W.2d 550 (N.D.1978).

The suit was tried to a jury, which returned the following special written findings pursuant to Rule 49(a), NDRCivP:

(1) St. Vincent was the driver of the vehicle that collided with Mrs. Chewakin's automobile;

(2) That the negligence of St. Vincent was the proximate cause of the collision; and

(3) That Mrs. Chewakin sustained damages in the total amount of $52,219.69.

### Evidence of No Arrest

St. Vincent asserts on appeal from the judgment that the trial court erred in refusing to admit evidence that he was *not charged* with a traffic violation in connection with the accident. He specifically asserts that this testimony was relevant to his alibi defense. After a hearing on the motion to exclude evidence, the court refused to admit testimony at trial relating to the nonissuance of a traffic citation.

■ Generally, in those jurisdictions that have considered the question, testimony concerning the issuance or nonissuance of a traffic citation is inadmissible because it is irrelevant and potentially prejudicial to the issues in a personal injury action. E. g., *Dosh v. Elioff,* 301 Minn. 169, 222 N.W.2d 326, 329 (1974). See also 61 C.J.S. Motor Vehicles, § 516(15). The testimony may be prejudicial because "the fact that the officers may or may not have performed their duty is no evidence that defendant was or was not negligent." *Allen v. Ellis,* 191 Kan. 311, 380 P.2d 408, 412 (1963). The effect of admitting testimony about a traffic arrest is comparable to telling the jury that the defendant is at fault and the plaintiff is not. *Anderson v. Saunders,* 16 Wis.2d 55, 113 N.W.2d 831, 833 (1962). In addition, permitting this testimony allows the officer to express an opinion on the ultimate question before the jury. *Giles v. Kuennen,* 50 Ill.App.2d 389, 200 N.E.2d 143, 145 (1964).

■ The Minnesota Supreme Court enunciated one narrow exception to the above general rule by allowing such testimony at the trial court's discretion. *LeClair v. Sickler,* 275 Minn. 320, 146 N.W.2d 853 (1966). In *LeClair,* the officer testified that immediately after the accident, the defendant admitted that he was driving in excess of the speed limit, leaving an inference that the defendant had been arrested in the ordinary course of law enforcement. Whether or not the defendant was cited after he had admitted violating a traffic regulation became important to impeach the officer's credibility. The Minnesota Supreme Court subsequently said: "The *LeClair* case should be strictly construed to allow such testimony only where it directly impeaches previous evidence of driving misconduct." *Dosh v. Elioff,* 222 N.W.2d at 329, *supra.* We agree with these statements of general principles of law.

■ We do not have before us circumstances that would warrant admission of evidence concerning Officer Larson's failure to cite St. Vincent for a traffic violation. Although Officer Larson testified at length

concerning his investigation of the accident, there is nothing in his testimony from which the jury could infer that St. Vincent had admitted guilt and, pursuant to ordinary law enforcement procedures, should have been issued a traffic citation. No reason existed to impeach Officer Larson's testimony by asking him why he did not cite St. Vincent for a traffic violation.

St. Vincent asserts that testimony of Officer Larson concerning nonissuance of a ticket was relevant to discredit Mrs. Chewakin's testimony that St. Vincent's Buick hit her car with great impact, from which the jury could infer that speed was involved. Rule 403 of the North Dakota Rules of Evidence provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair *prejudice, confusion of the issues,* or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." [Emphasis supplied.]

We find no abuse of discretion by the trial court in refusing to admit evidence on the failure to cite St. Vincent. The jury could easily have equated the nonissuance of a ticket with an absence of fault on the part of St. Vincent. This evidence would focus the issues for the jury on a collateral issue: *Why did the officer fail to issue a traffic citation?* Any potential benefit the testimony would have to St. Vincent is outweighed by considerations of prejudice and the possibility of misleading the jury. For these reasons, we adhere to the general rule that the issuance or nonissuance of a traffic citation is ordinarily inadmissible.

### Sufficiency of Evidence

St. Vincent next asserts that the evidence is insufficient to support the specific finding by the jury that he was the driver of the Buick that struck Mrs. Chewakin.

In an appeal of a civil action, our review of questions of fact is limited to a consideration whether there is substantial evidence to sustain the verdict; if there is, we are bound by the verdict. *Vasichek v. Thorsen,* 271 N.W.2d 555, 558 (N.D.1978).

There is ample evidence in this case to sustain the verdict. The testimony of three eyewitnesses readily supports the finding by the jury that St. Vincent was the driver of the car that struck Mrs. Chewakin's car. The evidence presented to the contrary apparently was, in the jury's view, not as credible as that testimony presented on behalf of Mrs. Chewakin. The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.