**S. J. GRZADZIELEWSKI, Plaintiff and Appellant,**

**v.**

**WALSH COUNTY MUTUAL INSURANCE COMPANY, Defendant and Appellee.**

Civ. No. 9770.

Supreme Court of North Dakota.

Oct. 6, 1980.

Bill Teevens, Teevens, Johnson & Montgomery, Minot, for plaintiff and appellant; submitted on the brief.

Jake C. Hodny, Burke, Hodny & Burke, Grafton, for defendant and appellee; submitted on the brief.

ERICKSTAD, Chief Justice.

Plaintiff, S. J. Grzadzielewski, appeals from a judgment based upon a jury determination that the loss of cattle which escaped from their pasture and died from eating special feed which resulted in toxemia was not a direct loss due to wind. We affirm.

The facts are undisputed. Gary, Grzadzielewski's son, found the cattle feeding from a feeder outside their corral the morning of February 3, 1978. The cattle had escaped through a gate which was open when the cattle were discovered outside the corral. Subsequently, eleven cattle died from overeating. Grzadzielewski contended that the wind had blown the gate open and, therefore the cattle loss was a "direct loss" due to wind.

It was stipulated that there was an insurance policy in effect which would cover the loss if it were determined to be a direct loss from the wind. The case was tried to a jury on the issue of direct loss. The jury was given a special verdict form which was returned with a finding that the loss of the cattle was not a direct loss from wind. Judgment was entered for the insurance company dismissing the complaint. Grzadzielewski appeals from the judgment raising two issues: First, did the trial court err in its instructions to the jury? Secondly, was there sufficient evidence to support the jury's verdict? In other words, was the verdict against the weight of the evidence?

## I. FAILURE TO OBJECT TO OR REQUEST INSTRUCTIONS

Grzadzielewski alleges that the court erred in several respects when it gave the instructions to the jury. He believes that the instruction on direct loss was insufficient and, alternatively, should not have been given to the jury since the issue of direct loss "was never a part of the evidence beyond a vague reference in testimony." Additionally, he asserts that the court should have given an instruction concerning "representations" made by the insurance company's agent to the effect that he relied upon representations of the agent to his detriment.

### A. Instruction on Direct Loss

A review of the record fails to reveal that Grzadzielewski objected to the instructions as given. When the instructions are not objected to, they become the law of the case and any objections to them are waived. *Waletzko v. Herdegen*, 226 N.W.2d 648, 652 (N.D.1975). This basic rule is to assure that the court is given a meaningful opportunity to rule on the objection. *Kirchoffner v. Quam*, 264 N.W.2d 203, 207 (N.D.1978), citing to *Waletzko v. Herdegen, supra*, 226 N.W.2d at 653.

For this rule to apply, the trial judge must give the attorneys an opportunity to object. Failure to give counsel an opportu-

nity to review the instructions and to ask counsel to state their exceptions results in the instructions being deemed excepted to. Rule 51(c), N.D.R.Civ.P.; *Spalding v. Loyland*, 132 N.W.2d 914, 921 (N.D.1965); *McGarry v. Skogley*, 275 N.W.2d 321, 323 (N.D.1979). Subsection (c) of Rule 51 of the North Dakota Rules of Civil Procedure, reads:

"(c) *Exceptions to Instructions*. The giving of instructions and the failure to instruct the jurors shall be deemed excepted to unless the court, before instructing the jurors, shall submit to counsel the written instructions which it proposes to give to the jurors *and shall ask for* exceptions to be noted, and thereupon counsel must designate such parts or omissions of such instructions as he may deem objectionable. Thereafter, only the parts or omissions so designated shall be excepted to by the counsel designating the same. All proceedings connected with the taking of such exceptions shall be in the absence of the jurors and a reasonably sufficient time shall be allowed counsel to take such exceptions and to note the same in the record of the proceedings." [Emphasis added.]

■ As the record does not show that Grzadzielewski objected to the instructions, we must determine whether or not he was given an opportunity to review the proposed instructions and whether or not he was asked to note his objections. In his brief, Grzadzielewski does not state whether or not he was given an opportunity to object or whether or not he was asked to make objections. The insurance company states that Grzadzielewski was provided with a copy of the proposed instructions and was also given ample opportunity to object to the proposed instructions. The company does not assert that he was asked to note exceptions. Rule 51, N.D.R.Civ.P., specifies that unless the trial judge *asks for* exceptions to be noted, the instructions are deemed excepted to. The record shows that, after Grzadzielewski rested, the insurance company also rested. Proceedings were then held in chambers concerning instructions requested by the insurance com-

pany. These requested instructions were withdrawn after discussion. The record does not clearly reveal that counsel were asked to note their exceptions. As a general rule, when the instructions are not objected to, they become the law of the case. *Waletzko v. Herdegen, supra*, 226 N.W.2d at 652–53. In this instance, however, the failure to except does not have that effect. Rule 51(c), N.D.R.Civ.P., requires that counsel be asked to note any exceptions. As the record does not disclose that counsel were asked to note their exceptions and none were noted, we must treat the instructions as excepted to.

Had we been able to clearly determine from the record that counsel had been asked to state exceptions and Grzadzielewski's counsel had not, we might still have considered the issue as stated in *Welken v. Conley*, 252 N.W.2d 311, 318 (N.D.1977):

"In *Rau v. Kirschenman*, 208 N.W.2d 1 (N.D.1973), we indicated that Rule 51(c) is not an absolute rule, and should not be applied inflexibly where manifest injustice would be a likely result. While acknowledging that relief from the Rule should be provided for in exceptional circumstances, we carefully limited such relief to those instances where the error in the instruction is so plain, fundamental, and highly prejudicial that our failure to consider the error would result in a miscarriage of justice."

■ In this case, as the instruction is deemed excepted to, our review is to determine whether or not the instruction is correct. *Spalding v. Loyland, supra*, 132 N.W.2d at 921. In this review, the instructions of the court must be considered in their entirety. *Larson v. Meyer*, 135 N.W.2d 145, 156 (N.D.1965). Our review of the instructions reveals that they are correct and do not contain error. The instruction given on direct loss was as follows:

"*DIRECT LOSS*: 'Direct loss' as used in policies of insurance is loss proximately caused by the peril insured against. The proximate cause is the direct cause, the cause which, in a natural and continuous

sequence, unbroken by any new, independent cause, produced the loss, and without which the loss would not have occurred."

Grzadzielewski complains that a jury is not capable of dealing with the terms "proximate cause" and "new, independent cause." Juries are required to deal with these terms in negligence cases daily. This court has held that it is not error to fail to define proximate cause absent a request for such an instruction. *McGregor v. Great Northern Ry. Co.*, 31 N.D. 471, 154 N.W. 261, 265 (1915). We have stated previously in *Fisher v. Suko*, 111 N.W.2d 360, 366 (N.D.1961), that:

> "If the plaintiff had desired a specific instruction in the nature of that for which he now contends, he could have requested it. In the absence of a request the failure to so instruct does not amount to misinstruction and does not constitute reversible error. In so holding we are following the well–established rule that where an instruction is correct as far as it goes, error cannot be assigned on the ground that it is not sufficiently full or explicit unless a request is made for a more specific and comprehensive instruction."

In this case Grzadzielewski submitted a request for instruction on direct loss which was rejected by the court in writing as required by Rule 51(b), N.D.R.Civ.P. The requested instruction was as follows:

> "This is an action on an insurance policy that provided coverage for a 'direct loss' by windstorm.
>
> "A direct loss results from a particular cause whenever that cause, in this case a windstorm, played a substantial part in bringing about the loss; and that loss was either a direct result or a reasonable possible consequence of the windstorm.
>
> "However, it is not necessary that the windstorm be the only cause for there to be a direct loss."

The instruction as given by the trial court more properly states our law than does the requested instruction.

■ The instruction which was given by the court equated direct loss with proximate cause as applied in negligence cases. This is in accord with accepted practice. *McManus v. Travelers Ins. Co.*, 360 So.2d 207, 210 (La.App.1978) (loss from fire or windstorm means essentially the same as "proximate cause" applied in negligence cases); *St. Paul Fire & Marine Ins. Co. v. Central Park Mobile Homes*, 22 Ariz.App. 557, 529 P.2d 711, 714–15 (1974) (direct loss discussed as proximate cause); *Clouse v. St. Paul Fire & Marine Ins. Co.*, 152 Neb. 230, 40 N.W.2d 820 (1950) (direct loss as used means immediate or proximate as distinguished from remote or incidental). *See also*; 44 Am.Jur.2d *Insurance* § 1393 (1969). Therefore, the instruction given was correct. *Paul v. St. Paul Fire & Marine Ins. Co.*, 64 N.D. 479, 253 N.W. 752, 757 (1934).

### B. Failure to Instruct on Detrimental Reliance

Grzadzielewski also alleges that it was error for the court to omit any instruction on the issue of detrimental reliance. Grzadzielewski, however, failed to request such an instruction. Error cannot be assigned when counsel has failed to request an instruction unless such non· direction amounts to misdirection of the jury. *Fisher v. Suko, supra*, 111 N.W.2d at 366, citing to *Burkstrand v. Rasmussen*, 77 N.D. 716, 45 N.W.2d 485 (1950).

■■ As we said in *Vasichek v. Thorsen*, 271 N.W.2d 555 (N.D.1978), "[t]he failure of counsel to request an instruction waives any error by the trial judge in failing to give the appropriate or complete instruction. It is not reversible error for the trial court to fail to give an instruction provided that the instructions, as a whole, fully and fairly present the law on a particular issue." 271 N.W.2d at 561. In the case at bar the issue was whether or not there was a "direct loss." Instructions were given on the main issue, and, in the absence of a request for an instruction on detrimental reliance, the court's failure to instruct the jury on the issue was not misdirection. *Fisher v. Suko, supra*, 111 N.W.2d at 366.

## II. SUFFICIENCY OF EVIDENCE CONCERNING JURY'S VERDICT

Grzadzielewski also contends that there was insufficient evidence to support the verdict. In an insurance policy case the question, whether or not the loss is a direct loss due to an event included or excluded from coverage, is for the jury. *Paul v. St. Paul Fire & Marine Ins. Co.*, 64 N.D. 479, 253 N.W. 752 (1934). It has been held that whether or not the direct loss was from wind or poor construction was a factual question of proximate cause to be decided by the trier of fact. *St. Paul Fire & Marine Ins. Co. v. Central Park Mobile Homes*, 22 Ariz.App. 557, 529 P.2d 711 (1974). In a Mississippi case a jury verdict for the insured was challenged on the ground that the evidence was insufficient to support the verdict. The court found that the question of direct loss by windstorm was a question of fact for the jury to decide. *Firemen's Insurance Co. of Newark, N.J. v. Schulte*, 200 So.2d 440 (Miss.1967). The submission to the jury of the question of direct loss was proper since direct loss is a question of fact, and the jury is the trier of those facts.

In *City of Hazelton v. Daugherty*, 275 N.W.2d 624 (N.D.1979), we said:

"Our review of questions of fact tried to a jury is limited to determining if there is substantial evidence to support the verdict. Evidence is viewed in the light most favorable to the verdict and it is only when reasonable men can reach but one conclusion upon review of the issues that the evidence becomes a question of law for this court. *Vasichek v. Thorsen*, 271 N.W.2d 555 (N.D.1978). Thus, unless the verdict is so flagrantly against the weight of the evidence that it appears that the jury was actuated by bias or prejudice, the verdict will not be set aside. *Northern States Power Co. v. Effertz*, 94 N.W.2d 288 (N.D.1958)." 275 N.W.2d at 627.

It was stipulated that there was an insurance policy in effect at the time of the loss. That did not relieve Grzadzielewski of the burden of proving that the loss suffered was one which was covered by the policy. As the Supreme Court of Minnesota said, "It is axiomatic that the burden of proof rests upon the party claiming coverage under an insurance policy." *Boedigheimer v. Taylor*, 287 Minn. 323, 178 N.W.2d 610, 614 (1970). This burden was stated to the jury in the instant case through instructions as follows:

> "ELEMENTS OF PROOF
>
> "Before Mr. Grzadzielewski can recover a verdict against the company, he must prove by the greater weight of the evidence:
>
> \*     \*     \*     \*     \*     \*
>
> "2. That such loss was a loss covered by his contract of insurance with the company. . . ."

Therefore, Grzadzielewski was properly required to prove that the loss was a "direct loss due to wind."

In his own case, however, Grzadzielewski has not met the burden of proof because he failed to establish facts which tended to show that the loss was a direct loss due to wind. In the pretrial conference it was agreed that the case would be tried to the jury on the issue of direct loss. Yet, in his brief, Grzadzielewski stated:

> "Since the issue of direct loss was never a part of evidence beyond a vague reference in testimony, it seems that the jury was instructed on an issue not properly before them. Or in the alternative, inadequately instructed on an issue barely before them."

In reviewing the transcript, we agree with the appellant's assessment of the evidence. Notwithstanding that, the jury found that the loss was a result of a windstorm.[1] No evidence of a wind was introduced. Only testimony by Grzadzielewski and his son that there had been wind the

---

1. *"QUESTION NO. 1*: Do you find from a preponderance of the evidence that one or more cattle owned by the Plaintiff, S. J. Grzad- zielewski, died as a result of a windstorm which occurred on or about February 3, 1978? "Answer 'yes' or 'no.' ANSWER: _Yes_ "

night before the cattle escaped was given. The jury did find that the loss was not a "direct loss by windstorm."[2] Therefore, the jury must have determined that the wind was not the proximate cause of the loss.

When the sufficiency of the evidence is challenged on appeal, we have stated:

"Our review of the facts is limited to a consideration of whether there is substantial evidence to sustain the verdict. If there is, we are bound by the verdict. *Jamestown Terminal Elevator, Inc. v. Hieb*, 246 N.W.2d 736 (N.D.1976); *Waletzko v. Herdegen*, 226 N.W.2d 648 (N.D. 1975). We review the evidence in the light most favorable to the verdict. *Kresel v. Giese*, 231 N.W.2d 780 (N.D.1975). We do not disturb verdicts arrived at on evidence which is in conflict and from which reasonable men might draw different conclusions. *Watkins Products, Inc. v. Stadel*, 214 N.W.2d 368 (N.D.1973)." *Everson v. Partners Life Ins. Co.*, 268 N.W.2d 794, 797 (N.D.1978).

Viewing the evidence in the light most favorable to the verdict, we must sustain the verdict. Therefore, we affirm the jury determination that the loss was not a direct loss due to wind. Judgment affirmed.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

2. "*QUESTION NO. 2*: Do you find from a preponderance of the evidence that the death of said cow or cattle referred to in Question No. 1 was a 'direct loss by windstorm' as defined in the instructions? "Answer 'yes' or 'no.'"      ANSWER: _No_ "