# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 190

Torrey Kath,                                                    Plaintiff and Appellee

v.

Farmers Union Mutual
Insurance Company,                                    Defendant and Appellant

and

Kyle Devries Agency,                                                        Defendant

## No. 20240068

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Nicholas D. Thornton, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Devin K. Ross (argued), and Eric Hinckley (on brief), Ogden, UT, for plaintiff and appellee.

Tyler J. Siewert (argued), and David D. Schweigert (on brief), Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]  Farmers Union Mutual Insurance Company appeals from a judgment entered in favor of Torrey Kath. The district court granted Kath summary judgment declaring FUMIC had an indemnification duty under a farm insurance policy and a *Miller-Shugart* agreement. We reverse the judgment, concluding the policy does not provide coverage for Kath's injuries.

I

[¶2]  Kath brought a personal injury action against Michael Prochnow and Prochnow Farms. *See* Case No. 39-2019-cv-0219. Kath alleged he was working below a trailer attached to a semi-truck on farm property owned by Prochnow Farms. He alleged Prochnow moved the truck forward while he was underneath, causing him significant bodily injury. Kath and Prochnow entered into a *Miller-Shugart* agreement where Prochnow agreed to accept damages and Kath agreed to collect solely from Prochnow's insurers. The district court dismissed the case after the parties filed a "Stipulation of Dismissal with Prejudice."

[¶3]  Kath subsequently brought this declaratory judgment action against FUMIC, which insured Prochnow under a farm liability policy. Kath's complaint sought two counts of declaratory relief. The first was for a declaration that the policy provides coverage to Prochnow for the injuries Kath suffered. The second count was for a declaration that Kath and Prochnow's *Miller-Shugart* agreement was reasonable, not obtained by fraud or collusion, and binding on FUMIC.

[¶4]  Kath moved for partial summary judgment on the coverage issue. Kath claimed his injuries were covered by a farm employer liability endorsement to the policy. FUMIC asserted a motor vehicle exclusion in the body of the policy precluded coverage. The district court interpreted the motor vehicle exclusion to not apply to coverage added by the endorsement, and it granted Kath summary judgment on the first count of his complaint.

1

[¶5]   FUMIC filed a motion for summary judgment arguing it had no duty to indemnify Prochnow because the personal injury action had been dismissed with prejudice. The district court entered an order to stay proceedings because, while FUMIC's motion was pending, Kath and Prochnow filed a "Joint Rule 60 Motion to Vacate Dismissal with Prejudice" in the personal injury action. They included a stipulation for judgment in the amount of $2 million. The district court granted their motion and entered a judgment stating: "that Plaintiff Torrey Kath have judgment against Defendant Michael Prochnow and Defendant Prochnow Farms, in the amount of $2,000,000.00 to be paid solely by Defendants' insurer—Farmers Union Mutual Insurance Company—as agreed to in the parties' *Miller-Shugart* agreement."

[¶6]   In this declaratory judgment case, after the district court received notice a judgment was entered in the personal injury action, it entered an order denying FUMIC's motion for summary judgment. The court held "the sole basis" for FUMIC's motion was moot because judgment had been entered in the personal injury action. The court also noted FUMIC did not challenge the *Miller-Shugart* agreement on other grounds, there were no genuine issues of material fact, "and the case is appropriate for summary judgment—in Kath's favor—as a matter of law" as to count two of his complaint. FUMIC appeals from the judgment.

II

[¶7]   FUMIC argues it has no indemnification duty because the policy does not cover injuries relating to the use of motor vehicles. FUMIC also raises issues related to the effect of the personal injury action dismissal, the enforceability of the *Miller-Shugart* agreement, and the amount of indemnification the district court ordered. We agree the policy does not provide coverage and therefore do not reach FUMIC's alternative arguments.

[¶8]   The propriety of a district court's summary judgment ruling is a question of law that is fully reviewable on appeal. *Meuchel v. MR Props. LLC*, 2024 ND 107, ¶ 10, 7 N.W.3d 291. Interpretation of an insurance policy also presents a question of law that we review de novo. *Dahms v. Nodak Mut. Ins. Co.*, 2018 ND 263, ¶ 8,

920 N.W.2d 293. We read the policy to give effect to the parties' mutual intent at the time of contracting and apply the following rules:

> "We look first to the language of the insurance contract, and if the policy language is clear on its face, there is no room for construction. If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract. While we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage. We will not strain the definition of an undefined term to provide coverage for the insured. We construe insurance contracts as a whole to give meaning and effect to each clause, if possible. The whole of a contract is to be taken together to give effect to every part, and each clause is to help interpret the others."

*Forsman v. Blues, Brews and Bar-B-Ques, Inc.*, 2017 ND 266, ¶ 10, 903 N.W.2d 524 (quoting *K & L Homes, Inc. v. Am. Family Mut. Ins. Co.*, 2013 ND 57, ¶ 8, 829 N.W.2d 724). "'It is axiomatic that the burden of proof rests upon the party claiming coverage under an insurance policy.'" *Forsman*, at ¶ 12 (quoting *Grzadzielewski v. Walsh Cnty. Mut. Ins. Co.*, 297 N.W.2d 780, 784 (N.D. 1980)).

[¶9] When interpreting an insurance policy, we examine the policy's coverages before deciding whether an exclusion applies. *Forsman*, 2017 ND 266, ¶ 11. If coverage does not exist, our inquiry ends because an exclusion cannot be read to create coverage. *Wisness v. Nodak Mut. Ins. Co.*, 2011 ND 197, ¶ 16, 806 N.W.2d 146. If coverage exists, we will examine the policy's exclusions. *Id.* "Exclusions from coverage in an insurance policy must be clear and explicit and are strictly construed against the insurer." *Grinnell Mut. Reinsurance Co. v. Center Mut. Ins. Co.*, 2003 ND 50, ¶ 10, 658 N.W.2d 363. "While exclusionary clauses are strictly construed, a contract will not be rewritten to impose liability when the policy unambiguously precludes coverage." *Forsman*, at ¶ 10. The absence of an exclusion cannot be read to provide coverage that does not otherwise exist. *Wisness*, at ¶ 16. "'While the insured bears the initial burden of demonstrating coverage, the insurer carries the burden of establishing the applicability of exclusions.'" *Forsman*, at ¶ 12 (quoting *Travelers Indem. Co. v. Bloomington Steel & Supply Co.*, 718 N.W.2d 888, 894 (Minn. 2006)).

3

[¶10] "Special rules of construction govern policy endorsements. An endorsement is part of the insurance contract between the parties." *Johnson v. Center Mut. Ins. Co.,* 529 N.W.2d 568, 571 (N.D. 1995). We read the body of the policy and the endorsements as a whole, making every attempt to give effect to all of the provisions. *Id.* "However, we have consistently held that when there is a conflict between an endorsement and other policy provisions, the endorsement prevails." *Id.*; *see also Dundee Mut. Ins. Co. v. Marifjeren,* 1998 ND 222, ¶ 11, 587 N.W.2d 191 (same); *Nodak Mut. Ins. Co. v. Heim,* 1997 ND 36, ¶ 17, 559 N.W.2d 846 (same); *Score v. Am. Family Mut. Ins. Co.,* 538 N.W.2d 206, 210 (N.D. 1995) (same); *Haugen v. Auto-Owners Ins. Co.,* 191 N.W.2d 274, 280 (N.D.1971) (same); *Miller v. State Auto. Ins. Ass'n,* 21 N.W.2d 621, 633 (N.D. 1946) (same).

[¶11] This appeal focuses on two parts of the insurance policy. The first is a "Farm Liability Coverage Form," and the second is a "Farm Employers' Liability and Farm Employees' Medical Payments Insurance" endorsement. The coverage form provides insurance for bodily injury but excludes injuries sustained by employees and also injuries related to motor vehicles. The coverage form states:

"This insurance does not apply to:

e. **Aircraft, Motor Vehicle, Motorized Bicycle Or Tricycle Bodily injury or property damage:**
   (1) Arising out of ownership, maintenance, use or entrustment to others of any aircraft, **motor vehicle**, motorized bicycle or tricycle owned or operated by or rented or loaned to any **insured**. Use includes operation and **loading or unloading**; or
   (2) Giving rise to vicarious liability, whether or not imposed by law, for the actions of a child or minor involving any aircraft, **motor vehicle**, motorized bicycle or tricycle.
   This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of **others by that insured**, if the **occurrence** that caused the **bodily injury** or **property damage** involved the ownership, maintenance, use, or

entrustment to others of any aircraft, **motor vehicle**, motorized bicycle or tricycle."

(Emphasis in original.) The farm employers' endorsement states it "changes the policy" and the "following insuring agreements and exclusions are added to" the coverages "of the Farm Liability Coverage Form." Under a section titled "Additional Insuring Agreement," the endorsement states coverage exists for bodily injury sustained by an employee in the course of his or her employment. Another part of the endorsement provides what are described as "Additional Exclusions." The last sentence in the endorsement states: "All other provisions of this policy apply."

[¶12] FUMIC does not dispute the policy, through the endorsement, provides coverage for injuries sustained by farm employees. FUMIC instead argues Kath's injuries are excluded from coverage under the policy's motor vehicle exclusion. Kath argues application of the motor vehicle exclusion to the coverage added by the endorsement would render the endorsement exclusions superfluous. For example, Kath points to redundant language excluding coverage for injuries relating to aircrafts in both parts of the policy. Kath claims that, to give effect to all of the policy provisions, we must read the endorsement exclusions as superseding or replacing the other exclusions. FUMIC argues there is no conflict between the various exclusions and characterizes them as duplicative and overlapping. There is no dispute whether the semi-truck and trailer in this case meet the policy's definition of a motor vehicle.

[¶13] Other jurisdictions have addressed similar arguments in the context of different policy types and provisions. The Seventh Circuit Court of Appeals, applying Minnesota law, read an endorsement in an automobile insurance policy to add exclusions to the policy. *Great West Cas. Co. v. Robbins*, 833 F.3d 711, 717-18 (7th Cir. 2016). The court rejected arguments that such a reading was improper because it created redundancy between the exclusions explaining "[s]ome redundancy in insurance contracts is normal" and consistent with the "belt and suspenders" approach insurance companies often apply when detailing exclusions to policies. *Id.* The Eighth Circuit Court of Appeals, applying South Dakota law, read an intentional acts exclusion in a homeowner's policy to apply

to coverage added by a home daycare endorsement. *EMCASCO Ins. Co. v. Diedrich*, 394 F.3d 1091, 1096 (8th Cir. 2005). The court rejected an argument that the endorsement exclusions superseded other policy exclusions, explaining endorsement provisions do not replace other provisions "unless expressly stated therein that such provisions are substituted for those in the body of the policy. . . ." *Id.* (quoting *Pete Lien & Sons, Inc. v. First Am. Title Ins. Co.*, 478 N.W.2d 824, 827 (S.D. 1991)). The Fifth Circuit Court of Appeals, applying Louisiana law, read flooding exclusions in homeowners' insurance policies to apply to hurricane deductible endorsements. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 220 (5th Cir. 2007). The court reasoned there was no language in the endorsement restricting the flood exclusion and specifically noted the endorsement contained language stating "all other provisions of the policies apply." *Id.* The Superior Court of Pennsylvania rejected an argument that an endorsement covering perils related to rupture or bursting of a boiler superseded policy exclusions relating to cracks, corrosion and latent defects in property. *Rorer Grp., Inc. v. Ins Co. of N. Am.*, 655 A.2d 123, 125 (Pa. Super. Ct. 1995). The court reasoned the endorsement did not address the exclusions in the policy body and thus did not abrogate them, concluding "we cannot read the Endorsement as completely erasing all of the exclusions clearly set out in the main policy." *Id.*

[¶14] We join the rationale employed by these courts and, absent language in the policy expressing such an intent, we reject Kath's assertion that the endorsement supersedes the motor vehicle exclusion. The endorsement states it provides additional coverage and "additional exclusions." The endorsement's use of the word "additional" to describe its exclusions means they are supplementary and not superseding. There is no language in the endorsement expressing an intent to override or replace the motor vehicle exclusion. We acknowledge there is overlap between at least one of the exclusions in the body of the policy and the endorsement, but we do not interpret the redundancy to suggest the exclusions in the body do not apply. To the contrary, the endorsement explicitly states: "All other provisions of this policy apply." Therefore, no conflict exists between the body of the policy and the endorsement. The policy, when read as a whole, provides coverage for bodily injuries

6

sustained by farm employees but not when that injury is related to the use of a motor vehicle. The district court erred when it granted Kath summary judgment holding coverage exists under the policy.

## III

[¶15] The judgment is reversed.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr